LUTHER DAY & another *vs.* PATRICK W. KINNEY.

Essex. Nov. 5, 1879. — April 5, 1881. COLT & FIELD, JJ., absent.

If a person sells a promissory note, the maker of which at the time is insolvent, but has not stopped payment nor been adjudged bankrupt or insolvent, and the seller does not know of the maker's actual insolvency, the seller does not warrant the solvency of the maker.

CONTRACT for the refusal to deliver merchandise to the plaintiffs; and for the nonpayment of a check for $581.77 signed by the defendant and payable to the order of the plaintiffs.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the plaintiffs offered evidence tending to prove that, on August 14, 1878, they were the owners of a promissory note for $1435.25, dated July 3, 1878, payable in six months from date to the order of the makers, Z. Einstein, Bros. & Co., and indorsed by them, and that, at the same time, the plaintiffs owed the defendant the sum of $516.59; that, on that day, the plaintiffs proposed that the defendant should buy the note at the rate of twelve per cent discount, and pay for it, by receipting his account against them, by selling them $300 worth of leather, and by his check for the difference; that the defendant accepted this proposition, and the plaintiffs thereupon sent an order to a broker who had the note, directing him to deliver it to the defendant, which he did; that, on August 17, the defendant sent the leather to Haverhill by express, and, at the same time, sent by mail a receipt for $786.52, in settlement of the plaintiffs' account to date, a statement of the account, and also his check for $581.77; that these papers were all received by the plaintiffs; that, on August 19, the defendant sent to Haverhill and reclaimed the leather from the expressman, who had not delivered it to the plaintiffs; that, on the same day, the defendant sent a letter to the plaintiffs, notifying them that he had rescinded the contract of August 17, offering to return the note, and requesting them to return his check, payment of which had been stopped, and also the receipt; and that payment of the check was refused.

The defendant then offered to prove that, on and before said August 17, the makers of the note were in fact insolvent, (which

fact was not known to either of the parties to this action at the time of the transactions above set forth,) and were soon after adjudicated bankrupts; and that the note was worthless, and had been tendered to the plaintiffs, who refused to receive it.

The judge ruled that these facts, if proved, would not constitute a defence; and found for the plaintiffs for $911.05, being the value of the note, less the account of the defendant against the plaintiffs, according to the statement in evidence, with interest. The defendant alleged exceptions.

*G. W. Norris*, for the defendant.

*G. B. Ives*, (*S. B. Ives, Jr.* with him,) for the plaintiffs.

GRAY, C. J. The ruling at the trial was right. The gen uineness of the signature of the note was admitted. The defendant did not offer to prove that he took it by way of payment as money, as distinguished from purchase as a chattel; nor that at the time of the transaction the makers had stopped payment, or been adjudged bankrupt or insolvent, or the plaintiffs knew of their actual insolvency. Under such circumstances, the plain tiffs did not warrant, but the defendant took the risk of, the solvency of the makers. See *Burgess* v. *Chapin*, 5 R. I. 225 *Beckwith* v. *Farnum*, 5 R. I. 230.

In *Ellis* v. *Wild*, 6 Mass. 321, the note was forged. In *Weddigen* v. *Boston Elastic Fabric Co.* 100 Mass. 422, the drawers stopped payment before the check was presented in the usual course of business. And in each of those cases the paper was taken by way of payment, and not by way of purchase.

*Exceptions overruled.*