JOSEPH P. THWING and others *vs.* HALL & DUCEY LUMBER COMPANY.

February 20, 1889.

**Mistake—Relief in Equity.**—Affirmative or defensive relief, such as the circumstances of the case may require, may be granted from the consequences of a mistake of any fact which is a material element in the transaction, and which is not the result of the mistaken party's own violation of some positive legal duty, if there be no adequate remedy at law.

**Same—As Defence against Specific Performance.**—Whenever a defendant against whom specific performance is demanded has fallen into a mistake, which the plaintiff by his acts or omissions induced or made probable, or to which he contributed, the agreement should not be enforced, provided the parties can be restored to or have not changed their original positions.

**Same—As Ground for Cancellation.**—From the facts in this case, as they appear from the evidence, *held*, that the court did not err in ordering judgment for the cancellation of the contract.

Action for specific performance of a contract to convey pine lands, brought by the vendors in the district court for Hennepin county, and tried by *Hicks*, J., who refused the relief prayed, and ordered judgment for a cancellation of the contract, as prayed by defendants

in their answer, and because of the mistake therein alleged, and found by the court to have existed, and which is stated in the opinion. Plaintiffs appeal from the judgment.

*Levi M. Vilas,* for appellants.

*Geo. C. Ripley, C. E. Brennan,* and *S. A. Booth,* for respondent.

COLLINS, J. This action was brought to recover the purchase price of a quantity of pine land, which defendant corporation had contracted to buy of the plaintiffs, and which the latter had agreed to sell for a stipulated sum of money. The defendant admitted the execution of the contract, and its refusal to comply with its terms, but presented an equitable defence, praying for a decree of the court, cancelling and annulling the contract, and releasing the defendant from all liability thereon. On its findings of fact, the correctness of which is attacked but in one particular, the court ordered judgment for defendant as demanded, and from the judgment plaintiffs appeal.

1. The evidence justifies the findings of fact. It is obvious that when the contract, of date July 19, 1887, was made, both parties believed the land valuable for the pine then thought to be standing thereon, although there was quite a difference in their estimates of the amount. Evidently the plaintiffs honestly believed, as they had stated and represented to defendant when the negotiations began, that there was about 7,000,000 feet. They gave the figures for the different tracts, and invited an inspection. It may also be observed that when the contract was drawn they insisted upon payment, at least, for the amount then supposed by defendant to be upon the land, and provided for another and immediate estimate. The defendant, too, was as honestly mistaken in its belief that there was nearly two and one-half million feet; for it unconditionally contracted to pay for that amount, and for any excess that might be shown to be on the land from a new estimate, in which it agreed to and actually did participate. Now, it is conceded that some years prior to the execution of the contract the land in question had been denuded of its standing timber. So little remained that it was of no practical value for lumbering purposes. It was therefore of no value to a corporation engaged solely in the manufacture of lumber. It is not

disclosed how the plaintiffs were misled and deceived as to the real condition, but the court finds that the error of Nichols, the man sent by defendant to estimate the number of feet upon the land, and who reported the same at the amount set forth in the contract, was induced by the statements and representations of plaintiffs aforesaid; and that he was mistaken in his location of the tracts of land, to which mistake plaintiffs contributed by asserting that there was upon it a large and compact body of growing timber. It is this finding which plaintiffs pronounce not justified by the evidence. We think it is. To be sure, defendant's president, Mr. Hall, testified that he was given the option to buy after an examination and estimate, and that he told Nichols that he did not know whether or not there was any pine on the lands. But plaintiffs' agent furnished plats upon which was stated the amount claimed, and he repeatedly assured Hall, in the presence of Nichols, that there was at least 8,000,000 feet still uncut upon the different tracts. Mr. Hall relied somewhat upon these assurances and representations, or he would not, as appears from the testimony, have gone to the expense of securing an estimate. They were also overheard by Nichols, who claims that in a measure they tended to lead him into his presumably honest error in location. The defendant might to some extent place confidence in plaintiffs' unqualified assurances, made verbally as well as by figures upon the plats, upon which it acted, when first considering the proposition to sell, to the end of the negotiations.

The mistake we are now considering was occasioned by the ignorance of both parties of a fact under the influence of which they entered into a contract that would not have been executed had they possessed full knowledge of the situation. Granting to plaintiffs the common honesty which is undoubtedly theirs, they would not have attempted the sale to defendant of land so valueless as this turned out to be. Nor would defendant have contemplated its purchase, had it realized that it could not be used at all in its legitimate business. Some of the principles which are applicable to the facts in this case have recently been announced by this court in *Buckley* v. *Patterson*, 39 Minn. 250, (39 N. W. Rep. 490.) It may also be

stated, generally, that affirmative or defensive relief, such as is required by the circumstances, may be granted from the consequences of a mistake of any fact which is a material element of the transaction, and which is not the result of the mistaken party's own violation of some positive legal duty, if there be no adequate remedy at law. 2 Pom. Eq. Jur. § 856, with cases cited in the notes; Leake, Cont. 335–339. Whenever a defendant, against whom specific performance is asked, has fallen into a mistake which the plaintiff by his acts or omissions induced or made probable, or to which he contributed, the agreement should not be enforced. Pom. Cont. §§ 245–252, and cases found in the notes. As these principles, in connection with the fact that these parties have in no way changed their original positions, are sufficient for a disposal of the appeal, we do not cite any cases which go further in granting equitable relief than appears from the above statements of the law.

2. The defendant, in its answer, after alleging the mistake, demanded a cancellation of the contract. The court had the power, and it was its duty, to administer full relief, to determine all rights pertaining to the controversy. *Thompson* v. *Myrick*, 24 Minn. 4. But the counsel argues, upon the authority of *Buckley* v. *Patterson*, *supra*, that the appellants are at least entitled to damages for a breach of the contract. That case is unlike this, for in that the right of one party to secure the cancellation of a contract upon the ground of a mistake, and at the same time retain money paid upon it by the other party, was involved. A new trial was ordered, because the court had failed to pass upon that question. We did not hold that damages other than the amount of the part-payment could be assessed.

Judgment affirmed.