LLEWELLYN A. COBB and another *vs.* JOHN R. COLE.

August 19, 1890.

Partnership—Dissolution—Mistake in Accounting—Relief in Equity.
A mistake of fact in an accounting between copartners upon dissolution of the partnership affords ground for relief in equity, irrespective of any express agreement that mistakes should be corrected.

Equitable Action—Trial of Part of Issues by Jury—Judgment—New Trial.—In an equitable action, specific issues having been tried before a jury by order of the court, leaving other material issues untried, the court, upon the verdict of the jury, ordered judgment for the defendant. *Held*, that the plaintiffs were not entitled to a *new trial* for such error, but only to a trial of the untried issues, upon motion being made therefor.

Same—Jury Trial.—The court may direct specific issues, in an equitable action, to be tried by a jury.

Appeal by plaintiffs from an order of the district court for Dakota county, *Crosby*, J., presiding, refusing a new trial.

*Cole, Bramhall & Morris*, for appellants.

*Hodgson & Schaller*, for respondent.

DICKINSON, J.   It appears from the pleadings that the plaintiffs and the defendant had formerly been engaged in partnership business.   The partnership was dissolved by mutual consent, it being agreed, as is alleged in the complaint, that the defendant should retire from the firm, and sell his interest therein to them; that he should pay to the plaintiffs "such sum as would make his interest in said firm equal to that of each of the plaintiffs therein, to wit, one-third interest," (except as to a matter which need not be particularly referred to,) and the plaintiffs were to pay defendant "a sum equal to his one-third interest in the firm business, as the same then appeared upon the books of the firm."   The complaint alleges that a statement was made, from the books, of the resources and liabilities of the firm and of the interest of each partner therein; and that, relying upon the correctness of that statement, the plaintiffs paid to the defendant the amount thus appearing to be the value of the defendant's interest, it having been mutually agreed that

if any errors should be discovered in the statement they should be corrected. The complaint then alleges the existence of errors in the statement, since discovered, which rendered the result of the computation of the defendant's interest in the partnership erroneous to the extent of more than $1,400, as appears from the books of the firm, by reason of which mistake the plaintiffs overpaid the defendant in an amount stated, which they seek to recover in this action. The defendant put in issue (1) the alleged mistake; (2) the allegation that he agreed to pay to the plaintiffs such sum as would make his interest equal to that of each of the plaintiffs; (3) the allegation of an agreement that any errors in the statement of the accounts should be corrected; and (4) the defendant alleged that the plaintiffs, having charge of the books of the firm, and representing to the defendant the state of the accounts, which they professed to know, offered to pay to the defendant a specified sum for his interest in the partnership business, (excepting as to certain matters,) which sum, being accepted by him, was paid. When the cause was called for trial the defendant demanded a trial of all the issues by a jury. The plaintiffs moved the trial of the cause by the court. The court, in terms, denied both motions, and directed that these two issues be submitted to a jury: *First*, whether there was any express agreement between the parties that errors which might be discovered in the statement of the accounts should be corrected; and, *second*, whether the defendant agreed to pay to the plaintiffs such sum as would make his interest in the firm equal to that of each of the plaintiffs. The court added that the other issues in the action would be tried by the court or a referee, as the court might determine. A jury was then called, and the trial proceeded before the jury. When the evidence was closed the court instructed the jury as to the two issues submitted to them. The jury returned a negative answer to each of the questions put to them. Some time subsequently the plaintiffs moved the court that the findings of the jury be disregarded as immaterial, and that the court try the case without a jury, as a court case. The defendant at the same time moved the court for judgment in his favor "upon the evidence and the findings of the jury." The court denied the motion of the plaintiffs, but directed

judgment to be entered in favor of the defendant "upon the findings of the jury," the court considering that the findings of the jury disposed of the whole case. The plaintiffs then moved for a *new trial,* which was. refused, and from that refusal this appeal is taken. We do not understand that judgment was in fact entered.

The action was of an equitable nature, properly triable by the court. It involved, aside from the specific issues submitted to the jury, the issue as to whether there had been a mutual mistake of fact as to the state of the accounts, by reason of which the plaintiffs had been led to pay to the defendant more than, by the terms of the agreement, the latter was entitled to. That would constitute a cause of action, even though there were no express agreement that if mistakes should be discovered they should be corrected. The attention of the court seems to have been diverted from the alleged mistake as of itself entitling the plaintiffs to a remedy in equity, by the allegation of an *express agreement* that mistakes should be corrected, upon which the defendant joined issue. The determination of the issue as to the express agreement left the issue of mistake in fact still undetermined, and judgment should not have been entered upon the special verdict, which did not fully decide the issues in the case. It is obvious from the statement we have made of the case that the only issues tried were the two which were submitted to the jury.

But the plaintiffs' motion for a *new trial* of the cause was properly refused, for the plaintiffs were only entitled to a trial of the issues as yet untried. The court had authority, of its own motion, to direct the trial of specific questions by a jury, as it did do, (Gen. St. 1878, c. 66, § 217;) and we find no error justifying a *new trial.* While it may be probable, from the fact that the court ordered judgment to be entered on the verdict of the jury, that the court would have refused to try the issues which had not been tried, still the order refusing a new trial was not erroneous, and should be affirmed.

The order for judgment was probably erroneous, for the reasons above stated, but that error is not reached by a motion for a new trial.

Order affirmed.

*Note. A motion for a reargument of this case was denied October 7, 1890.*