LLEWELLYN A. COBB *et al. vs.* JOHN R. COLE.

Argued July 12, 1892. Decided Aug. 17, 1892.

**New Trial, for Deciding Issues not Tried.**

The court having by order restricted the trial, in the first instance, to a particular issue, not embracing the whole matter in controversy, and thereupon having found material facts upon an issue not involved in such trial, and having directed judgment thereon, the party prejudiced thereby is entitled to a new trial as to the facts so found.

**Partnership Settlement Set Aside for Mutual Mistake of Fact.**

Copartners having entered into an agreement and settlement based on their understanding as to what the books showed to be the state of their accounts, relief may be had if, by reason of a mutual mistake of the parties as to what the books showed, one party has paid to the other more than was his due.

Appeal by plaintiffs, Llewellyn A. Cobb and Alfred F. Norrish, formerly copartners as Cobb & Norrish, from an order of the District

Court of Dakota County, *Crosby*, J., made March 22, 1892, refusing a new trial.

On November 30, 1888, the plaintiffs, Llewellyn A. Cobb and Alfred F. Norrish, and the defendant, John R. Cole, were equal partners, dealing in grain at Minneapolis as L. A. Cobb & Co. On that date, the firm dissolved by mutual agreement. It was agreed that Cole should retire from the firm, and should be paid his one-third interest therein. The bookkeeper made a statement of what the books showed the one-third interest to be, and the parties settled according to that statement. Afterwards, plaintiffs claimed to have discovered errors in the statement, by reason of which, they had overpaid defendant. On August, 1889, they brought this action for the correction of the errors and for judgment for the sum overpaid. At the trial, the court ordered the question, whether there was an express agreement for the correction of errors, submitted to a jury, reserving the other questions for the court. The jury found there was no express agreement. Plaintiffs' counsel then moved the court to disregard the findings of the jury as being immaterial, and to proceed with the trial by the court. This motion was denied, and judgment ordered for the defendant. A motion by the plaintiffs for a new trial was denied, and on appeal to this court, the order was affirmed, on the ground that plaintiffs were not entitled to a new trial, but only to a trial of the issues as yet untried. *Cobb* v. *Cole*, 44 Minn. 278.

The case then went to the lower court. The order for judgment in favor of defendant was vacated. On November 24, 1890, the court ordered that the untried issues in the cause be tried before the court without a jury at the December, 1890, term, and "that on the second day of said term, the court will hear evidence and determine the character, terms and effect of the transactions and agreements of the parties entered into on or about November 30, 1888, set forth in the pleadings; and that if after the determination of said matters, the court shall deem it necessary to try further issues and examine the firm accounts of the parties, the same shall be done at some day subsequent convenient to court and counsel." On December 10,

1890, the cause came on for trial, and it was ordered in open court, "that at this hearing no testimony shall be submitted except upon the point of whether there was or was not, on or about December, 1888, or at any other time, a sale by defendant to plaintiffs for a fixed sum of his interest in the firm of L. A. Cobb & Co." After hearing the evidence presented, the court took the matter under advisement, and on March 12, 1892, filed its decision ordering judgment in favor of defendant. The court in its decision, besides finding on the question whether there was an agreement for a sale at a fixed sum, found that the books of the firm showed the facts as to defendant's interest to be as represented by plaintiffs, and that there was due defendant on the sale, the sum that was paid to him, and further that there was no evidence upon the trial, of any error or omission in the books of said firm as they stood at the time of said sale. The plaintiffs made a motion for a new trial, and from an order denying it, appealed to this court.

*Morris & Williams*, for appellants.

*Hodgson & Schaller*, for respondent.

DICKINSON, J. After the decision of this court on a former appeal in this action, 44 Minn. 278, (46 N. W. Rep. 364,) the order for judgment in favor of the defendant, which had been made by the district court, was set aside by that court, and an order made directing a further trial of the cause, as to issues not theretofore tried. When the cause was again brought to trial, the court directed, the parties consenting, that at that hearing no evidence should be submitted except as to the point whether the sale by the defendant to the plaintiffs, of the interest of the former in the partnership, was "for a fixed sum." This course had been anticipated in the formal order of the court directing a further trial of the cause, wherein it was said that the court would first hear evidence and determine the character, terms, and effect of the agreement, (respecting the sale,) "and, if after the determination of said matters, the court shall deem it necessary to try further issues *and examine the firm accounts* of said parties, the same shall be done at some day subsequent. * * *"

After hearing the evidence presented at that hearing, the court made and filed formal findings of fact, and the legal conclusion therefrom that the defendant was entitled to judgment, which was directed accordingly. The plaintiffs moved for a new trial, which being refused, they appealed from the order.

In view of the consent of the parties to the trial, in the first instance and alone, of the question whether the sale of the defendant's interest in the partnership was "for a fixed sum," or whether, as the plaintiffs would claim, the price to be paid was whatever the books showed the value of his interest to be, it may be assumed, without referring particularly to the pleadings, that that was an issue in the case, and it was the only issue to be tried at that time. Bearing in mind the precise nature of this issue, the finding of the court thereon is, in brief, that the agreement was that the defendant should be paid for his interest in the partnership business "what said books of account of said firm showed it to be worth, to wit, said sum of $1,158," from which, however, certain indebtedness of the defendant to the firm was deducted. It further appears from the findings of the court that the plaintiffs had represented to the defendants that the sum above named was what the books showed to be the value of his interest, and that he, not being familiar with the books, acted in reliance upon such representations. We have examined with care the findings of the court, that we might not mistake their meaning. As we understand them, the legal effect of the findings—and the evidence satisfactorily shows it—is that the agreement was not for the payment of a sum fixed, without regard to what the books might show, but rather for the payment of what the books showed the defendant's interest to be, which sum was ascertained, from such examination as was made, to be as above stated. Such being the case, the plaintiffs would be entitled to relief if, by reason of a mutual mistake of fact as to what the books showed to be the extent (value) of the defendant's interest, they paid him more than he was entitled to by the terms of the agreement,—more than the value of his interest as shown by the books. This was so considered and stated when the case was here before.

Now the plaintiffs' contention is that there was such a mistake; that the statement of the accounts, drawn from the books, and which, as they claim, was taken for the purposes of the settlement as showing the condition or result of the book entries, was erroneous, "as from the books of said firm fully appears;" this recital being from the complaint. This allegation of mistake being in issue, the plaintiffs were of course entitled to have it tried. It was not involved in the particular and single question to which, by the order of the court and the consent of the parties, this hearing was confined. The plaintiffs had no right to introduce evidence for the purpose of showing such error. That matter was reserved for further trial if the court should find it necessary to try other issues than the particular one to which this hearing was directed, and "to examine the firm accounts of said parties," as is stated in the order of the court directing the course of trial to be pursued. Hence, although the record of the evidence presented at the former trial was offered and received as evidence without objection at this hearing, and although some of that might, if so intended, have been competent evidence as to the state of the accounts, it is by no means clear that either the parties or the court then understood that any such matter was to be considered, contrary to the order of the court previously made; and the plaintiffs were not concluded, as to the issue of mistake, by the case presented on this hearing.

The view of the case to which we have directed attention would lead to the conclusion that the court should not have directed judgment for the defendant upon the trial thus far had, and without allowing the plaintiffs opportunity to move for a trial of the issue as to the mistake relied upon by them. This alone would not have entitled this appellant to a *new* trial of the action, but only to a trial of the issue still remaining untried. *Cobb* v. *Cole, supra.*

But the court seems to have gone beyond the precise matter tried and submitted for decision, and to have made findings upon questions which had been reserved for future trial. For instance, the court found that the books of the firm showed the facts as to the defendant's interest to be as represented by the plaintiffs, and that there was due

to the defendant, upon the sale, the sum which was paid to him. The former, at least, of these two findings was a determination against the plaintiffs upon a material fact in issue and not yet tried; that is, as to whether the books showed the sum of $1,158, (less the defendant's indebtedness,) to be the amount of his interest. Hence the plaintiffs were entitled to a new trial in part; that is, as to other matters save the particular question to which this hearing was confined, and excepting, also, such questions as had previously been determined by the verdict at the former trial. To that extent the order is modified, and a new trial granted.

(Opinion published 52 N. W. Rep. 985.)