Filed April 6, 1894.

———————◆———————

No. 1,019.

### Smith *v.* Tewalt et al.

PARTITION.—*Division of Ancestor's Estate Without Administration.— Bank Stock.—Agreed Value.— Mutual Mistake.*—Where heirs, all being upon an equality and acting in good faith, effect an amicable partition, without administration of an ancestor's estate, among themselves, and one of them accepts as his share certain bank stock at an agreed value, when it is in fact worthless, the latter is bound by the transaction, and can not compel the other heirs to contribute.

From the Knox Circuit Court.

*W. H. De Wolf,* for appellant.

*G. G. Reily, J. W. Emison* and *J. S. Pritchett,* for appellees.

Ross, J.—This action arose out of the settlement of an estate.

The only error assigned is: "The circuit court erred in sustaining the demurrer of appellees to the amended complaint of appellant."

The appellant and the appellees were the only heirs at law of Sarah A. Tewalt, who died intestate, leaving an estate consisting of real estate, money, notes, shares of stock in the Vincennes National Bank, and other personal property.

Prior to her death, the deceased had requested appellant and the appellees, who were her children, to amicably partition and divide the estate, after her death, among themselves, without administration. Pursuant to this request, they divided the estate, having previously agreed upon the value of the same, and each part and

parcel thereof, the appellant receiving and accepting as her share, a part of the shares of stock in the Vincennes National Bank, three thousand dollars being the sum agreed upon as the value of the stock taken and received by her.

At the time of making the division, and the receipt and acceptance by appellant of said stock, it was mutually supposed, agreed and understood between appellant and the appellees that it was of that value, but in truth and fact it was worthless; that she did not learn of its worthlessness until long after the division, when she offered to return it, and that prior to the filing of this petition or complaint she demanded that the appellees make good to her her interest in said estate, which they refused to do.

To the complaint the appellees filed a demurrer, which was sustained by the court, and judgment entered accordingly.

The contention of counsel for the appellant is that she is entitled to recover, because the share apportioned to her was valued at a sum in excess of its real value. In other words, her right of recovery, as stated by counsel, is based "solely upon the ground of a mutual mistake of fact relating to the actual real value of the bank stock at the time the agreement was made. In this case there is no element of fraud, hence we are to determine simply whether or not, on account of the mutual mistake of all the parties, the appellant is entitled to any relief.

"The effect of mistake, when it has any operation at all, is to avoid the contract. The common law, therefore, offers two remedies to a person who has entered into an agreement void on the ground of mistake. If it be still executory, he may repudiate it and successfully defend an action brought upon it; or if he has paid money under the contract, he may recover it back, upon

the principle that when money is paid to another under the influence of a mistake, that is, upon the supposition that a specific fact is true which would entitle the other to the money, but which fact is untrue, an action will lie to recover it back." Anson on Contracts (2d ed.), p. 175.

In Story on Sales, section 145, the author says: "In respect to mistakes of fact, the rule is, that no contract of sale is reciprocally obligatory upon the parties thereto, if it be founded upon an injurious mistake of a material fact forming the basis of the contract; although such mistakes be occasioned by no fraud or imposition."

In Kerr on Fraud and Mistake, 416, it is said: "The mistake may be common to both parties to a transaction, and may consist either in the expression of their agreement, or in some matter inducing or influencing the agreement, or in some matter to which the agreement is to be applied."

In the case of *Hurd* v. *Hall*, 12 Wis. 125, the court says: "An error of fact, *ignorantia facti*, is ordinarily said to take place either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist. The most frequent, familiar and striking examples of such error, are found in those cases in which the books abound, and to which we need not here particularly refer, where the parties are deceived or mistaken as to the existence or nonexistence of certain facts materially affecting the transaction, and which are present in their minds at the time of entering into the agreement, and directly influence their conduct in so doing. But as is implied from the maxim, *ignorantia facti excusat*, and from the definition which we have given, of a mistake of law a mistake of fact has in legal parlance a much more enlarged signification, and extends to and includes the case of a party who, through mere ignorance

of the existence or nonexistence of a material fact, is induced to do an act, or enter into a contract injurious to himself, where, if he had been informed of the existence or nonexistence of such fact, he would not have performed such act or made such contract. Ignorance of the existence or nonexistence of a material fact precludes, the idea that the party, at the time of the transaction, should have been influenced by it, for it is impossible that the mind should be moved by that of which it knows nothing. This ignorance of facts must be excusable, that is, it must not arise from the intentional neglect of the party to investigate them.''

As a general rule, in order that a mistake may be such as will come within the cognizance of a court of equity, it must appear:

First. That the mistake is concerning a material fact.

Second. That it is one mutual to all the parties to the transaction.

Third. That it was unintentional.

Fourth. That it was not occasioned by any neglect of the parties.

We deem it unnecessary, for the purposes of this case, to elaborate upon what it is necessary to show to bring a case within these rules; suffice it to say that if the alleged mistake is concerning an immaterial fact, is not mutual, was falsely represented by one of the parties, or was the result of the negligence of the parties, it is not ordinarily such as against which equity will afford relief.

In this case, the mistake complained of, and from which the appellant seeks relief, is not with reference to the existence or nonexistence of a fact. The value of the stock was whatever different persons might place upon it; a mere matter of opinion. The parties, how-

ever, estimated its value among themselves, and the appellant accepted it upon the basis of the value thus placed upon it. If it was of less value than that agreed upon, it was an error in judgment from which a court of equity can grant no relief.

In the case of *Grymes* v. *Sanders*, 93 U. S. 55, the court says: "The parties, in dealing with the property in question, stood upon a footing of equality. They judged and acted respectively for themselves. The contract was deliberately entered into on both sides. The appellant guaranteed the title, and nothing more. The appellees assumed the payment of the purchase-money. They assumed no other liability. There was neither obligation nor liability on either side, beyond what was expressly stipulated. If the property had proved unexpectedly to be of inestimable value, the appellant could have no further or other claim. If entirely worthless, the appellees assumed the risk, and must take the consequences."

So here the parties agreed upon the value of the stock in making the partition, and while it is alleged that the value so fixed was what the parties all thought was the actual value, yet they were all upon an equality, and the appellant accepted it upon that valuation. Had it proved to be worth more, the appellees could not have recovered from the appellant, because its value, irrespective of its actual value, was fixed for the purposes of the partition, and its acceptance at that valuation was not compulsory. Having elected to accept it, appellant can not now be heard to complain because it is of less value.

A mistake as to the value or quality of the thing sold is not sufficient to avoid the contract on account of mistake, if the thing delivered is that sold. *Hecht* v. *Batcheller*, 147 Mass. 335, and cases cited.

We think the complaint insufficient, and the court below committed no errror in sustaining the demurrer thereto.

Judgment affirmed.

Filed April 26, 1894.