## S. N. SAMPLE *v.* W. R. BRIDGFORTH.

1. SALE. *Rescission. Mutual mistake. Collateral fact.*

    A sale is not voidable because of a mutual mistake as to collateral facts unknown to both parties, and as to which the sources of information were open alike to both. *Wise* v. *Brooks*, 69 Miss., 891.

2. SAME. *Title. Prior incumbrance. Rescission.*

    Accordingly, where both seller and buyer of a note suppose it is secured by a first lien on property, and the seller makes no representations, and the buyer examines for himself the record of deeds, the fact that there was a prior trust-deed on record, which the buyer failed to discover, is not ground for rescinding the sale.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

Appellee, W. R. Bridgforth, brought this action against W. G. Swayze, maker, and appellant, S. N. Sample, indorser, of a note for $250. Swayze made no defense, but Sample pleaded a failure of consideration. Swayze was a tenant of Bridgforth, and owed him about $700, secured by a trust-deed on certain horses and mules and his crop of 1891. In January, 1892, Swayze paid about $400 on the indebtedness, and, being pressed by Bridgforth for the balance, procured appellant, Sample, to purchase the note and trust-deed, arranging to give him additional security on the crop of 1892. The note and trust-deed were transferred by Bridgforth without recourse, pursuant to a

proposition made by Sample offering for the same a new note of Swayze for $250, payable December 1, 1892, indorsed by Sample. The purpose of Sample, as stated in his proposition, was to secure an exclusive lien on the stock and crop of Swayze for 1892. The facts, as found by the court from the record touching the alleged failure of consideration, are sufficiently stated in the opinion.

The trial resulted in a peremptory instruction for plaintiff. Judgment accordingly, and Sample appeals.

*E. F. Noel*, for appellant.

The sole purpose of appellant, in indorsing the note sued on, was to obtain the rights of first incumbrancer on the property, and his purpose was perfectly understood both by appellee and Swayze. He was not lending money, but merely endeavoring to secure a doubtful debt due to himself. His proposition showed on its face that he was indorsing the note in consideration of receiving a deed of trust which contained, on its face, a warranty that it was a first incumbrance on the property described. It is obvious that, by the writing sued on, appellant obligated himself to pay for obtaining something which he never got. Appellee was not damaged. The note and security could be returned and thus placed in *statu quo.*

Where there has been a common mistake as to some essential fact forming an inducement to the sale, that is, where the circumstances justify the inference that no contract would have been made if the whole truth had been known to the parties, the sale is voidable. Benjamin on Sales, § 415; *Lowenstein* v. *Goodbur*, 69 Miss., 808. The fact that a note had been executed makes no difference. It is subject to contract like other property or choses in action. Dan. Neg. Inst., § 157. It may always be shown by parol evidence that the indorsement was procured by fraud, accident, or mistake. Tiedeman on Commercial Paper, § 274. An indorser without recourse is liable if the indorser has a defective title, or if the paper is invalid

because of the want or illegality of the consideration. Tiedeman, § 260. Where an article is purchased for a particular purpose, and it turns out to be worthless for that purpose, there is a total failure of consideration. Tiedeman, § 203; 10 Am. Dec., 753.

Substantial fraud entering into the basis and framework of a contract, without which it would not have been made, avoids the contra⁀t in favor of the party misled, whether the fraud originated with the principal or his agent. 52 Am. Dec., 46. See, also, *Millsaps* v. *Bank*, 69 Miss., 918.

*Barnett & Thompson*, on the same side.

It is evident that the minds of appellant and appellee never met in the sense necessary to a contract. The first, not a subordinate, lien, is what the parties had in mind in the transaction. *Millsaps* v. *Bank*, 69 Miss., 918. What Bridgforth assigned was, in fact, a mere equity of redemption, and the contract was therefore voidable. Benjamin on Sales, § 415.

*T. H. Campbell*, for appellee.

The authorities cited by appellant have no application to the facts of the case. Had Bridgforth been asked to sell a trust-deed, which should be a first lien on the property, he would doubtless have done as Sample did—examine the records. The mistake of Sample was in not extending his examination far enough. The principle of law governing this case is set forth in *Wise* v. *Brooks*, 69 Miss., 891. There is no evidence in the record that Bridgforth misled Sample. One who assigns a second mortgage does not guarantee that it is a first lien, even though the first mortgage is not recorded. 62 Hun, 99. Failure of consideration through a mistake of fact does not constitute a good defense to an action on commercial paper, although the mistake might be remedied by a bill in equity. Tiedeman on Commercial Paper, § 203, note 3. The citations by appellant from this author do not bear out his contention.

WOODS, J., delivered the opinion of the court.

The appellant complains of no fraud or misrepresentations on appellee's part. Indeed, appellee made no representations whatever. He sold and appellant purchased the note and deed of trust of Swayze, the one wishing to get clear of it and the other wishing to acquire it. Touching its real worth, both parties were honestly mistaken. They both mistook an important fact, collateral to their transaction. They thought the note, so bought and sold, was secured by a first trust-deed on Swayze's stock, and they were both innocently mistaken. Appellant not only did not rely on statements made by appellee as to the trust-deed (for he made none), but he undertook to settle the value of the trust-deed for himself, before he bought, by an examination of the deed records of the proper county. Unfortunately for him, his examination was imperfect, and the older trust-deed of D. A. Swayze escaped his attention. He acquired exactly what he intended to get, but what he would not have purchased if he had been more fully informed. There was a mistake of fact, on a collateral point, and this fact was unknown to both parties, and the sources of information were open alike to both. It is well settled that this will not afford ground for a rescission of the contract. *Halls* v. *Thompson*, 1 Smed. & M., 443; *Ayres* v. *Mitchell*, 3 Smed. & M., 683, and *Wise* v. *Brooks*, 69 Miss., 891. *Affirmed.*

The contention of appellant's counsel that the minds of the parties never met, because the proposition to buy made by appellant was accepted conditionally, is without merit. Appellant wrote appellee that he would secure him in $250, payable December 1 thereafter, if he would release his claim or deed of trust on the stock and crop of Swayze and transfer the same to him, if he (appellee) and Swayze could so arrange the business between them that appellee could take appellant's note for the amount of Swayze's indebtedness to the appellee. This was done. Swayze complied with certain conditions imposed upon him by appellee precedent to closing the trade between him and

appellant, and appellee transferred the note and trust-deed to appellant. But these conditions in no way touched appellant. They were made by appellee and complied with by Swayze in arranging their business between them preparatory to the transfer of Swayze's note and the trust-deed by appellee to appellant.

We find no error in any of the rulings of the court below, and the peremptory instruction given for appellee was correct.

*Affirmed.*