## JOHN P. COSTELLO v. ALICE G. SYKES AND ANOTHER.[1]

### June 20, 1919.

### No. 21,227.

**Sale — rescission of contract because of mistake.**

1. A mistake relating merely to the attributes, quality or value of the subject of a sale, or respecting a matter of inducement to the making of the contract, is not sufficient to authorize a court to rescind the contract at the suit of the aggrieved party, where the means of information were open alike to both parties and there was no concealment of facts or imposition.

**Same.**

2. If the parties were mistaken only as to some point which did not affect the substance of the transaction between them, or go to the root of the matter involved, no case for rescission is presented.

[1]Reported in 172 N. W. 907.

**Sale — reliance on books of account by buyer of bank stock.**

3. A person buying bank stock has no greater right to rely on the accuracy of the books and reports of the bank than he would have to rely on those of any other corporation whose stock he was buying.

**Same — rescission because of mutual mistake of fact.**

4. The books of a bank showed that its paid-in capital was intact and that it had a surplus and undivided profits. In fact its capital had become seriously impaired, and it had no surplus or undivided profits. A stockholder sold part of his stock for a price equal to its book value Both he and the purchaser believed that the books showed the true state of facts. There was no fraud or deception. Both parties were equally innocent in their mistaken belief.

*Held*: That the purchaser of the stock did not have the right to rescind the contract of sale on the ground that there had been a mutual mistake of fact.

Action in the district court for Hennepin county to cancel a sale of bank stock and to recover $1,300. Defendants demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, Rockwood, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*Daniel F. Foley*, for appellant.

*Lancaster & Simpson* and *James E. Dorsey*, for respondents.

LEES, C.

Appeal from order sustaining a demurrer to the complaint on the ground that it failed to state a cause of action. In substance the material allegations are as follows:

The Calhoun State Bank was a Minnesota banking corporation, having, according to its books, a paid-in capital of $35,000, a surplus of $5,250 and undivided profits of $6,000. Respondents were stockholders. The par value of a share of stock was $100. If the bank's capital was unimpaired and it had the surplus and undivided profits shown by its books, a share of stock was worth at least $136. Respondents sold ten shares of stock to appellant for $1,360. At the time of the sale the parties to the transaction believed that the bank's capital had not been impaired; that its assets and liabilities were as set forth in its books; that it had the surplus and profits referred to; that its books were kept cor-

rectly, and that the book value of its stock was not less than $136 per share. In fact it had neither surplus nor undivided profits. Its employees had kept its books so as to conceal defalcations of which they were guilty, and its assets had been depleted until its stock was worth but $60 per share. Such employees are insolvent and there is no way of making good their defalcations. The parties to the sale were mutually mistaken as to the assets of the bank, the actual value and the book value of its stock, and the amount of its surplus and undivided profits. Upon discovering the truth, appellant tendered the stock to respondents and demanded repayment of the purchase price, and, his demand being refused, sues for a rescission of the contract of sale.

The sole question presented is whether the mistake alleged is of such a character as to give rise to a right to rescind.

The subject matter of the contract of sale was ten shares of the capital stock of the bank. There was no mistake as to its identity or existence. A mistake relating merely to the attributes, quality or value of the subject of a sale does not warrant a rescission. Neither does a mistake respecting something which was a matter of inducement to the making of the contract, where the means of information were open alike to both parties and each was equally innocent and there was no concealment of facts and no imposition.

A leading case is Kennedy v. Panama, etc., Mail Co: L. R. 2 Q. B. Cas. 580. Like the one at bar, it involved a contract for the sale of corporate stock. The corporation owned and operated a line of steamships. Both parties bona fide believed that it had obtained a valuable contract to carry government mails, but it turned out that the contract was made without authority. The government refused to ratify it, and so the value of the stock was much less than the parties supposed. It was contended, as it is here, that there was a difference in substance between shares in a company with and shares in a company without such a contract; that this was a difference which went to the very root of the matter involved, and that, therefore, the purchaser was entitled to rescind. The contention did not meet with the court's approval, and it was held that the case was one of innocent misapprehension, that a rescission could not be had, and that there was not such a complete difference in substance between what was supposed to be and what was taken as would

constitute a failure of consideration. The purchaser got the very shares he intended to buy and they were far from being of no value.

Such are the facts in the case at bar, for appellant got the shares he intended to buy. His complaint is that they are worth but $60, instead of $136 each. The Kennedy case has been widely and approvingly cited by courts of last resort in this country. The principles it lays down are those which have been approved in the following, among many other, decisions: Otis v. Cullum, 92 U. S. 447, 23 L. ed. 496; Dambmann v. Schulting, 75 N. Y. 55; Hecht v. Batcheller, 147 Mass. 335, 17 N. E. 651, 9 Am. St. 708; Cavanagh v. Tyson, 227 Mass. 437, 116 N. E. 818; Sankey's Ex'rs. v. First Nat. Bank, 78 Pa. 48; Wheat v. Cross, 31 Md. 99, 1 Am. Rep. 28; Sample v. Bridgeforth, 72 Miss. 293, 16 South. 876; Smith v. Tewalt, 9 Ind. App. 646, 37 N. E. 294; Wood v. Boynton, 64 Wis. 265, 25 N. W. 42, 54 Am. Rep. 610; Moore v. Scott, 47 Neb. 346, 66 N. W. 441.

Appellant takes the position that there was a mistake as to the existence of the bank's supposed surplus and undivided profits. In this connection it is argued that, since banks are under the supervision of public officials whose duty it is to examine their books and obtain quarterly reports which are published, he had the right to rely on such books and published reports, and that respondents are blamable because they are not correct. It is therefore asserted that the parties to a sale of bank stock do not stand on the same footing as the parties to a sale of stock in other corporations. There are a number of statutory provisions which lend support to appellant's position, but we are not convinced that a mere stockholder in a bank is chargeable as a matter of law with responsibility for the manner in which its books are kept or that greater reliance may be placed upon their accuracy than may be placed upon the accuracy of the books of any other corporation, by a purchaser of its stock.

Thwing v. Hall & Ducey L. Co. 40 Minn. 184, 41 N. W. 815, and Cobb v. Cole, 44 Minn. 278, 46 N. W. 364, are cited as cases committing this court to a doctrine at variance with that generally adopted in other jurisdictions. Chapman v. Cole, 12 Gray, 141, 71 Am. Dec. 739; Sherwood v. Walker, 66 Mich. 568, 33 N. W. 919, 11 Am. St. 531; Hannah v. Steinman, 159 Cal. 142, 112 Pac. 1094, and cases of similar nature are

also cited, and Professor Williston's language at section 656 of his treatise on the subject of Sales is quoted to sustain appellant's contention.

Thwing v. Hall & Ducey L. Co. supra, differs from the case at bar in that it was an action for the specific performance of an executory contract of sale instead of one to rescind an executed contract, and especially in that there was a representation made by the seller to the buyer, relied on by the latter, as to a material fact which was untrue, although the seller believed it to be true.

In Cobb v. Cole, supra, the parties had been partners. There was a dissolution and it was agreed that one of the partners who retired from the firm should receive from the others a sum equal to his interest in the firm "as the same then appeared upon the books." A statement was prepared from the books, which was erroneous in fact, although the parties believed it was correct. The retiring partner was allowed to recover the sum actually due him as shown by the books after he had been paid the sum which appeared to be due him according to the erroneous statement.

We see nothing in either case indicating that this court has departed from the generally accepted rules which we stated at the outset.

In Chapman v. Cole, supra, plaintiff gave defendant a gold piece, believing it was fifty cents, and was allowed to recover it back on the ground, as stated by the court, that there was a mistake as to the identity of the subject matter of the transaction.

Sherwood v. Walker, supra, and Hannah v. Steinman, supra, fairly sustain appellant's contention. The former case was decided by a divided court, with a dissenting opinion by Sherwood, J. The effect of the decision was subsequently expressly limited to the peculiar facts of the case in Nester v. Michigan Land & Iron Co. 69 Mich. 290, 37 N. W. 278.

The views of Professor Williston also favor the contention and are entitled to respect. His views do not appear to be shared by other authors. Leake, Contracts (6th Ed.) p. 229; 1 Story, Eq. Jur. § 160; Page, Contracts, § 155; Hammon, Contracts, § 99; Black, Rescission, § 141. The weight of authority is with the respondents so far as the general principle under consideration is here involved.

If the question were one of first impression, we should not be inclined to open up a new field for litigation by adopting the rule that a con-

tract for the sale of corporate stock may be rescinded merely because both parties were mistaken about the nature or extent of the assets or liabilities of the corporation, if the means of information are open alike to both and there is no concealment of facts or imposition. Upon the sale of a note both parties may be mistaken as to the solvency of the maker or of an indorser or guarantor of payment, and may deal on the assumption that the paper is good, when in fact the unknown insolvency of the parties liable for its payment makes it worthless.

In the absence of fraud or inequitable conduct on the part of the seller of property of that kind, we had supposed the buyer could not have a rescission. He can always protect himself against possible loss by requiring the seller to guarantee or secure the payment of the paper. See Day v. Kinney, 131 Mass. 37; Burgess v. Chapin, 5 R. I. 225. We think this should be the rule when stock in a corporation is the subject of a contract of sale, and conclude that the learned trial judge correctly disposed of the case and the order sustaining the demurrer is affirmed.

HALLAM, J. (dissenting).

I dissent:

In my opinion the following statement by Williston:

"If parties enter into a bargain on the assumption that certain things are true, it is inequitable to enforce the bargain, to allow it to stand if the mistake relates to a matter so fundamental that it must be assumed that the parties would not have entered into the transaction had they known the truth." Williston, Sales, § 656, and the following statement by Benjamin:

"When there has been a common mistake as to some essential fact forming an inducement to the sale, that is, when the circumstances justify the inference that no contract would have been made if the whole truth had been known to the parties, the sale is voidable," Benjamin, Sales (7th Ed.) § 415, are good law.

In Thwing v. Hall & Ducey L. Co. 40 Minn. 184, 41 N. W. 815, this court stated the same rule in this language:

"The mistake we are now considering was occasioned by the ignorance of both parties of a fact under the influence of which they entered into

a contract that would not have been executed had they possessed full knowledge of the situation. * * * It may also be stated, generally, that affirmative or defensive relief, such as is required by the circumstances, may be granted from the consequences of a mistake of any fact which is a material element of the transaction, and which is not the result of the mistaken party's own violation of some positive legal duty, if there be no adequate remedy at law."

In that case specific performance was asked by plaintiff. Rescission was asked by defendant. The court rescinded. ·

This court has repeatedly re-affirmed and applied the same principles. Cobb v. Cole, 44 Minn. 278, 46 N. W. 364; Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082; Becthold v. King, 134 Minn. 105, 158 N. W. 910. See also Ketchum v. Catlin, 21 Vt. 191; Hoops v. Fitzgerald, 204 Ill. 325, 68 N. E. 430; Fritzler v. Robinson, 70 Iowa, 500, 31 N. W. 61.

I do not think we should depart from them. It cannot be said that no mistake as to either "attributes, quality or value" gives ground for rescission. In Thwing v. Hall & Ducey L. Co. 40 Minn. 184, 41 N. W. 815, there was a mistake as to "attributes" of the property. I cannot distinguish this case from Cobb v. Cole, 44 Minn. 278, 46 N. W. 364. It seems to me there was a mutual mistake, not as to quality or value but as to certain tangible facts so fundamental that it must be assumed that the parties would not have entered into the contract had they known the truth.