Coös,
April 3, 1923.

C. C. KING COMPANY *v.* EDWARD S. ALDRICH.

Where there is a mutual mistake as to the subject-matter, there is no contract, and money paid under such mistake by one party may be recovered from the other.

ASSUMPSIT, to recover money paid to the defendant by mistake. Trial by the court; verdict for the plaintiff.

Transferred by *Allen*, J., on the defendant's exception to the verdict. The facts are stated in the opinion.

*Edgar M. Bowker*, for the plaintiff.

*Shurtleff, Oakes & Hinkley*, for the defendant.

YOUNG, J.  The plaintiffs, who were the proprietors of a meat market, agreed to buy "two good large hogs" of the defendant, intending, as he knew, to sell them for food.  After the plaintiffs had paid for the hogs, they discovered that they were diseased and could not be sold.  Laws 1907, *c.* 48, *s.* 3, *par.* 7.  Neither of the parties, however, either knew or were in fault for not knowing that fact.  It can serve no useful purpose to consider the distinction between an executed and an executory contract, for in the view we take of the facts the minds of the parties never met in respect to the subject-matter of the agreement, and without such a meeting there can be no valid contract either executed or executory.  If there was no contract it follows that there was no implied warranty that the hogs were free from disease.

It does not follow, however, from that, that the plaintiffs are remediless, for money paid by mistake may be recovered.  13 C. J. 375, *s.* 260.

In other words, although the defendant did not warrant that the hogs were fit for food he knew the plaintiffs were buying them for food and thought they could be used for that purpose.

The plaintiffs on their part would not have agreed to buy the hogs if they had even suspected they were diseased.  In short, both parties thought at the time the agreement was made that the hogs were free from disease.

In other words, the hogs the defendant delivered to the plaintiffs were not the ones they had in mind at the time the agreement was made.

It follows from the fact there was a mutual mistake as to the subject-matter of the agreement, that it is one that cannot be enforced.  *Healy* v. *Healy*, 76 N. H. 504; *Sherwood* v. *Walker*, 66 Mich. 568; *Thwing* v. *Company*, 40 Minn. 184; 13 C. J. 375, *s.* 260.

*Exception overruled.*

All concurred.