THOMAS BUCKLEY *vs.* ROBERT H. PATTERSON and another.

September 24, 1888.

**Specific Performance — Contract not Equitable or affected by Mistake.**—If the parties can be restored to their original position, a court of equity will not interfere to sustain a bill when it would be against conscience and justice to do so. It may refuse to grant the peculiar remedy of specific performance of a contract to convey real estate, entered into by a defendant under a mistake, although the plaintiff was not a party to the misapprehension, or implicated in its origin.

**Same—Requisites of Proof of Mistake.**—In all cases the error must be plain, and the proof strong and irrefragable.

**Same — Practice — Assessment of Damages in lieu of Specific Performance.**—When the court refuses to decree specific performance of such a contract, upon the ground that it was entered into by mistake, and that its performance would prove harsh and inequitable, it is the duty of the court to pass upon and assess plaintiff's damages in the same action.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill*, J. Besides a prayer for specific performance, the complaint asked "that in case for any reason a conveyance cannot be made, the plaintiff have such indemnity by way of damages as the nature of the case may require, with such other and further relief," etc.

*John D. O'Brien*, for appellant.

*Warner & Lawrence*, for respondents.

COLLINS, J. Judgment for costs and disbursements in favor of defendants having been entered in an action to compel the specific performance of a contract to convey land, plaintiff appeals. The correctness of the findings of fact upon which said judgment is based is not questioned, and from said findings it appears that on December 23, 1886, the defendants, active business men of the city of St. Paul, were the owners of two lots therein, then worth $2,500 each, and which were steadily increasing in value. On said day Bushnell & Bushnell were engaged in the real-estate business as brokers and agents, and well knew the value of the property. That on said day they sent to defendants a clerk or agent, (who knew nothing of said value,) to solicit from them authority to sell upon commission. That after some conversation about the property the defendants verbally consented that the firm of Bushnell & Bushnell should have the authority to sell said lots, for the period of 60 days, at $3,000 net for each. That said representative of Bushnell & Bushnell then filled out at defendants' place of business (dentists' rooms) the common printed blank in use for such purposes, giving authority, as defendants understood and supposed, to sell the lots at $3,000 each net to them. That defendants were then actively engaged in their business of dentistry, pre-occupied with patients waiting for their services, and that said clerk or agent hurriedly read or stated the contents of the blank then filled out by him as he understood the agreement, and in such a manner as to lead defendants to suppose that they were authorizing a sale at $3,000 net for each of the lots. Whereupon defendants hastily, without reading it, signed and handed the paper to the agent, who forthwith delivered it to his principals. On February 11, 1887, Bushnell & Bushnell contracted in writing to sell

both of said lots to the plaintiff herein for the sum of $3,125, receiving as part-payment $150, no portion of which was paid defendants. That soon after this sale defendants learned of it through other parties, and at once disaffirmed and repudiated it because of the mistake in the writing given Bushnell & Bushnell, wherein they were authorized to sell the lots (describing them) "for the sum of three thousand one hundred and twenty-five dollars," etc. The court also found that the plaintiff was, during all of this time, an agent and dealer in real estate in the same city, and knew the market value of the lots to be as before stated, and that neither he nor the persons through whom he bought had any knowledge of the mistake except such as might have been imputed to them from the facts found. The answer alleged fraud and conspiracy upon the part of plaintiff and Bushnell & Bushnell. The court did not pass specifically upon this, but in a general manner found the charge untrue.

We are here called upon to exercise equitable powers, and to compel the performance of a contract to convey real estate, founded upon a mistake made by the defendants when creating Bushnell & Bushnell their agents for the sale of the property in question. It is well established that a party can be relieved of a contract, founded in his mistake, when it is such a one as will render its performance harsh and inequitable, if the parties can be restored to their original position. *Benson* v. *Markoe*, 37 Minn. 30, (33 N. W. Rep. 38.) And this may be done when it is made to appear in defending an action to compel performance, as well as when appearing affirmatively in an action to correct or cancel; but the error must be plain, and the proof strong and irrefragable. A court of equity is not, like a court of law, bound to enforce every written contract. It may exercise its discretion. It will not interfere to sustain a bill when it would be against conscience and justice to do so. 1 Story, Eq. Jur. § 161. Each case in which relief of this character is sought must depend upon itself. It is not every negligence which will stay the hand of the court. The neglect must amount to a violation of a positive legal duty. The highest possible care is not demanded. Even a clearly-established negligence may not of itself be sufficient ground for refusing relief, if it appears that the other party had not been prejudiced thereby.

2 Pom. Eq. Jur. § 856. And the court will refuse to grant the peculiar remedy of specific performance of a contract entered into by a defendant under a mistake, although the plaintiff was not privy to the misapprehension, or implicated in its origin. And one who seeks to take advantake of a mistake must frequently be satisfied with the remedies found in a court of law. , Kerr, Fraud & M. 411. When the mistake is of so fundamental a character that the minds of the parties have never in fact met, or when an unconscionable advantage has been gained by mistake or misapprehension, and there has been no gross negligence in falling into the error, relief may be granted. Kerr, Fraud & M. 416, and note *t; Williams* v. *Williams,* 50 Wis. 311, (6 N. W. Rep. 814.)

In the case at bar the appellant claims that upon the findings of fact, which we have felt it prudent to state quite in detail, if specific performance is refused, he is entitled to an assessment of damages, which he measures as the difference between the agreed purchase price and the market value of the premises at the time of the refusal to convey. He further insists that, in any event, he is entitled to have the amount paid by him upon his supposed purchase refunded, with interest. Although the plaintiff was not aware of the mistake which had been made by defendants, when dealing with their agents, the case must be treated precisely as if this error had occurred in a contract directly between the principals, and had not first been committed in the paper executed by defendants, and delivered to their agents. This is not only true when considering plaintiff's right to a specific performance, but so remains when dealing with his right to damages, should performance be denied. The payment was made to defendants' duly-authorized agents, and was therefore a payment to them, so far as it affects the plaintiff. If no part of this money has been paid over to defendants, that is a matter to be settled between them and the firm of Bushnell & Bushnell, and, in the absence of fraud and conspiracy upon plaintiff's part, he cannot be held responsible for any failure of defendants' agents (if it be such) to do their duty towards their principals. Therefore, apart from any other damages which plaintiff may be entitled to recover in case of a refusal to compel specific performance because of a mistake in the contract, it

would seem unjust and inequitable to refuse a decree, and at the same time to permit the part-payment to be retained. We are clearly of the opinion that, under the pleadings, there was presented to the court plaintiff's right to have his damages assessed, should specific performance be denied, as well as defendants' right to have the contract cancelled and set aside, should such a remedy be deemed appropriate. See *Thompson* v. *Myrick*, 24 Minn. 4.

As the trial court failed to pass upon these issues, the judgment appealed from is reversed, and a new trial ordered.