## C. H. YOUNG COMPANY v. PETER J. SPRINGER.[1]

February 3, 1911.

Nos. 16,937—(244).

**Breach of contract — mistake.**

Findings of the trial court *held* not to show a mutual mistake, entitling defendant to equitable relief from the contract for a breach of which plaintiff seeks to recover damages, or that the contract lacked mutuality in its obligations.

**Rescission of contract because of mistake.**

A contract may be avoided by one of the parties for his own mistake of fact, when such mistake was caused by the inequitable conduct of, or when known to and wrongfully acted upon or taken advantage of by, the other contracting party.

**Findings.**

The findings of the trial court do not justify relief upon that ground.

Action in the district court for Ramsey county to recover $1,637.-46 damages for failure to perform certain tiling and marble work in the construction of the building mentioned in the opinion, after plaintiff had accepted defendant's bid therefor. For a first defense the answer admitted defendant verbally informed plaintiff what the tile work in the building could be done for, but denied the other allegations of the complaint. For a second defense the answer alleged plaintiff requested defendant to go to the office of Butler Brothers,

[1]Reported in 129 N. W. 773.

and figure the total cost from the plans to be found there, that defendant had been misinformed concerning the scale on which the plans had been drawn, and defendant informed plaintiff of the mistake in his bid, whereupon plaintiff informed defendant it would not expect defendant to do the work. It also set up that Butler Brothers were associated with plaintiff in business. For a third defense the answer set up that the changes made in the proposed work, without the knowledge or consent of defendant, after the gross cost had been figured, wiped out that cost and defendant would have received no consideration for doing the work. The reply was a general denial. The case was tried before Hallam, J., who made findings of fact, as stated in the opinion, and ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Reversed, and new trial ordered.

*How, Butler & Mitchell,* for appellant.

*Barton & Kay,* for respondent.

BROWN, J.

The facts in the case, as disclosed by the findings of the trial court, are as follows:

A contract for the construction of the Young Mens Christian Association building in the city of St. Paul was awarded to George J. Grant. In preparing his proposal for the contract, Grant obtained from other contractors proposals or bids for different parts of the work. He offered the marble and tile work in one subcontract. Plaintiff in this action, a corporation engaged in marble construction work, contemplated bidding for that part of the work, and solicited defendant, a contractor in tiling, to submit a proposal to plaintiff for the tile work. Defendant thereupon submitted to plaintiff a verbal offer to do the tile work in accordance with the plans and specifications for a stated price per lineal foot for certain parts of the work and a certain price per square foot for other parts. Plaintiff subsequently requested defendant to reduce his offer to a lump or fixed amount, and suggested that he examine the plans and specifications in the office of Butler Brothers, in the city of St. Paul. Defendant made the examination, but, having left his spectacles at

home, was unable to read them accurately, and he relied in preparing his offer upon statements of their contents made to him by a clerk in the office of Butler Brothers. The plans contained a notation that the scale on which they were drawn was one-eighth of an inch to the foot. The clerk informed defendant, evidently inadvertently, that the scale was one-fourth of an inch to the foot, and upon that defendant made his computations. He thereafter verbally informed plaintiff that he would do the work for $860. Plaintiff claims to have verbally accepted this offer soon after it was made, namely, some time early in 1906.[1] Thereafter, on November 21, 1906, plaintiff submitted to Grant a bid for the marble and tile work, based, as respects the tiling, upon defendant's offer of $860.

Grant subsequently requested some modifications in plaintiff's bid, caused by changes made by the owner of the building to be constructed, and plaintiff in turn requested of defendant a new statement of his offer, which request was in the form of a letter bearing date March 5, 1907, in the following language:

"We have been figuring some little changes in the marble and tile work for the Y. M. C. A. building, and we would like to have a letter from you stating how much per square foot we should allow for the tile floors in toilet rooms. Kindly let us have your written proposal for doing the whole job, and embody in your letter the price per foot to deduct for work which will not be required."

To this defendant replied on March 11, 1907, as follows: "I will furnish and lay tile in Y. M. C. A. building, as per plans and specifications, for $894. For all vit [meaning vitreous] tile cut out, deduct 45 cents per square foot."

Plaintiff made no reply to this last proposal of defendant until October 25, 1907, when it was formally accepted in writing. In the meantime the contract had been awarded by Grant to plaintiff. Shortly after the receipt of plaintiff's letter of acceptance, just referred to, defendant discovered that he had made a mistake in his offer, and notified plaintiff that he would not perform the same. His computations of space to be covered were made on the theory that the plans were drawn on a scale of one-fourth of an inch to

---

[1] See opinion on page 388, infra.

the foot, when in fact the scale was one-eighth of an inch to the foot. Defendant's bid was therefore about one-fourth of what it would have been had the correct computation been made. Defendant was misled by the erroneous information given him by the clerk in the office of Butler Brothers, where the plans were when he examined them. The trial court found as a fact that plaintiff did not "actually" know of defendant's mistake until after its bid had been accepted by Grant. The court, however, in its memorandum, states that the modified contract between plaintiff and Grant was not completed until after plaintiff was informed of the mistake and of defendant's refusal to carry out his offer. But this statement, not having been embodied in the findings, cannot be considered as a controlling factor in the case.

In connection with the finding that plaintiff had no actual notice of defendant's mistake, the court found that it ought to have known thereof, and by the exercise of reasonable care and prudence could have ascertained the fact. After the contracts had been entered into some changes were made in the building plans, by the mutual consent of the contractors, plaintiff and Grant, and the owners of the building, by which, among other things, the tile work was materially and substantially reduced. Plaintiff performed its contract, doing both the marble and the tile work. The latter, as reduced by the changes in the plans, was reasonably worth and of the value of $1,630.80, for which amount plaintiff demanded judgment against defendant for his breach of and refusal to perform the contract. Defendant pleaded in defense a mutual mistake in respect to his proposal to do the tile work, lack of mutuality in the contract obligations, and want of consideration. The trial court held that defendant was entitled to equitable relief upon the grounds of mutual mistake and lack of mutual obligations in the contract between plaintiff and defendant. Judgment was ordered for defendant, which was entered, and plaintiff appealed.

The assignments of error challenge certain of the findings of the court, its refusal to modify and amend the same, and the conclusion of law that defendant was entitled to judgment. It is unnecessary to consider all these assignments, for our conclusion, upon

113 M.—25.

the facts found, is that the court erred in directing judgment for defendant.

1. The first ground upon which the trial court based its decision was that there was a mutual mistake of fact, justifying the relief granted. In this we are unable to concur. The power of a court of equity to relieve parties from their contracts, upon the ground of mutual mistake of fact, or mutual mistake of mixed law and fact, is well settled and not questioned in the case at bar. To authorize the relief, however, the mistake must be clearly shown to be mutual to both parties, for equity will rarely relieve from the mistake of one of the parties, except in those instances where the mistake was in a measure induced or brought about by the inequitable conduct of, or when known to and wrongfully acted upon or taken advantage of by, the other contracting party. Mutual mistake consists in a clear showing of a misunderstanding, reciprocal and common to both parties, in respect to the terms and subject-matter of the contract, or some substantial part thereof. We fail to discover, from the findings, a mistake of this character.

Defendant prepared and presented his proposal for the work upon his independent judgment and after an examination of the plans and specifications. Plaintiff in no manner assisted in securing the information necessary to a determination of the amount of work to be done, and it does not appear that any of its agents were familiar with the facts in reference to the amount of work or the value thereof. The finding of the court below that plaintiff ought to have known, and with the exercise of reasonable care could have ascertained, the facts, does not bring the case within the rule of mutual mistake. Plaintiff was under no obligation to investigate and discover the mistake. The relations between the parties were not of a character to require of plaintiff efforts to discover whether or not a mistake had been made, and its failure to do so does not deprive it of the right to insist that the contract be performed. But if, as intimated in the memorandum of the trial court, plaintiff discovered or was informed of the mistake by defendant's repudiation of his offer, or possessed knowledge of facts sufficient in equity and good

conscience to charge it with notice, before finally entering into a contract with Grant, it could well be held that its act in closing the contract, if plaintiff could then withdraw therefrom, or rectify the mistake, would amount to inequitable conduct on its part, within the rule extending relief to the mistaken party in a situation of that kind. Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; Chelsea v. Smith, 74 N. J. Eq. 275, 69 Atl. 533; Cook v. Liston, 192 Pa. St. 19, 43 Atl. 389. This question, however, is not presented by the findings of the trial court. On the facts stated there was no mutual mistake of fact, and our decision is limited to that consideration. Steinmeyer v. Schroeppel, 226 Ill. 9, 80 N. E. 564, 10 L.R.A. (N.S.) 114, 117 Am. St. 224; Grant v. Abbott, 142 Wis. 279, 124 N. W. 264; Moffett, Hodgkins & Clarke Co. v. City of Rochester, 91 Fed. 28, 33 C. C. A. 319; Tatum v. Coast, 16 Idaho, 471, 101 Pac. 957, 23 L.R.A.(N.S.) 1109.

2. We also are of the opinion, and so hold, that the court below erred in its conclusion that there was want of mutuality in the obligations and that the contract was therefore not enforceable. While it is probable that defendant's verbal proposal and plaintiff's verbal acceptance thereof were both superseded by the subsequent written proposal and acceptance, it is clear that the latter constituted a valid contract between the parties. Chaplaine v. Gruner, 137 Mo. App. 451, 118 S. W. 665; Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255. Nor is it material that the offer and acceptance contemplated that changes in the plans of the building might reduce defendant's proposal to such an extent as to leave no work for him to perform. The plans and specifications made provision for changes and alterations, and defendant was informed of and well understood that fact. His offer must therefore be taken to have been made subject to the exercise of that right by the owner of the building. Unless changes and alterations were made entirely eliminating the tile work, defendant was entitled to perform the same, and plaintiff, to whom the contract was awarded, would have been liable as for a breach of the contract had it refused him the right to do so. The consideration necessary to support the contract is

found in the offer of defendant to do the work and plaintiff's acceptance of the same.

3. This covers all questions necessary to be considered. It is not a case where judgment should be ordered for plaintiff, and a new trial will be awarded.

Judgment reversed and a new trial ordered.

JAGGARD, J., took no part.

On February 17, 1911, the following opinion was filed:

PER CURIAM.

Attention is called in a petition for a rehearing to an error in the opinion wherein it is stated that "plaintiff claims to have verbally accepted this offer * * * early in 1906." The date given should have been 1907, but is not important for the subsequent written acceptance completed the contract. Counsel are in error in the suggestion that this court may look to the evidence and be guided thereby as to facts not embraced within the findings. The findings of the trial court control the disposition of the case in this court.

Application for rehearing denied.