Laurel CARPENTER, et al., Appellants,

v.

Joseph VREEMAN, Respondent.

No. C0–86–1811.

Court of Appeals of Minnesota.

July 14, 1987.

Lawrence E. Maus, Spring Valley, for appellants.

Robert R. Benson, Preston, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and STONE, JJ.*

## OPINION

CRIPPEN, Judge.

Appellants Laurel Carpenter, Jean Sullivan and Marion Lingbeck sued respondent Joseph Vreeman to rescind a contract for deed and recover payments made under the contract. Appellants alleged that respondent represented the property as accessible by a town road, that these representations were false and material to the transaction, and that appellants suffered harm as a result of their reliance on the representations. Appellant also sought rescission on the grounds of mutual mistake in formulation of the contract.

The trial court determined that the contract unambiguously granted appellants easement rights over a private road, but the court did not address the issues of misrepresentation or mutual mistake. Thus, the court refused to rescind the contract, and did not reach the subject of defenses to the plea for rescission. Appellants contend the trial court erred by not granting their claim for rescission. We reverse and remand for further proceedings.

## FACTS

On May 15, 1979, respondent Joseph Vreeman entered into a contract to sell to appellants Laurel Carpenter, Jean Sullivan and Marion Lingbeck a 15 acre parcel of land that adjoined a stream and was intended for recreational use. The contract for deed included the following clause:

A permanent easement for ingress and egress to and from the above described real estate over and across an existing township road shall also be included and made part of this contract.

Prior to entering into the contract for deed, appellants viewed the property on several occasions. They always entered and exited the property by the north-south access road that is the subject of this litigation.

The parties discussed the road many times prior to closing the deal, although what was said is unclear and disputed. Appellants claim respondent assured them the road was a township road. Respondent contends he merely said that it was an access road used by anyone who wanted to use it. Respondent denies saying it was a township road or that it would be maintained for appellants.

At the time of the contract, the north-south access road was an unimproved roadway. It was narrower than the town roads in the area and it was not paved. The road did not have a drainage ditch alongside it. Despite the obvious differences between the access road and town roads, neither party consulted with the town board prior to completing the deal, to determine whether or not it was a public road.

After the contract was made, appellants took possession of the property and used the north-south road as the exclusive means of access. Sometime thereafter, appellants became suspicious of the road's status because it was not being maintained by the town. The condition of the road continued to deteriorate. It became nearly impassable during the winter months. The rest of the year entry could be gained only by 4-wheel drive vehicles.

In the summer of 1982, the town clerk informed appellant Marion Lingbeck that the access road was not a town road. Even after learning this, appellants continued to make annual payments to respondent under the contract, through May of 1984. Despite their doubts, and later knowledge, that there was no access by a town road, appellants also cut down trees, put in a well, razed the cabin, and leveled off part of the land. Late in 1985, respondent applied to the town board on behalf of appellants, requesting the board to designate the access road as a town road. The board declined to do so. Appellants then brought suit against respondent.

Appellants alleged two causes of action. First, they claimed respondent knowingly or negligently misrepresented to them that there would be access by a town road.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Second, appellants asserted there was a mutual mistake by the parties, both believing there was access by a town road. With each cause of action, appellants claim they lost the value of having a public road maintained by the town. Under each cause of action, appellants asked for rescission of the contract.

The trial court acted without a jury. The court refused appellants' prayer for rescission and granted them only a private easement right. The court reasoned that the language in the contract granting an easement "over an existing township road" necessarily referred to a private easement because respondent could not legally grant an easement over a public road.

The court did not determine whether respondent represented that appellants would have access by a township road, and did not determine whether the parties' contract was based on a mutual mistake. Because the court did not address these two issues, the court also made no comment on respondent's defenses of estoppel and waiver.

## ISSUES

1. Did the trial court err in denying rescission based on appellants' claim of misrepresentation?

2. Did the trial court err in denying rescission based on appellants' claim of mutual mistake?

3. Did the trial court err by failing to acknowledge respondent's defense of estoppel and waiver?

## ANALYSIS

1. A misrepresentation is an assertion that is not in accord with the facts. *General Electric Credit Corp. v. Wolverine Ins. Co.*, 420 Mich. 176, 186, 362 N.W.2d 595, 600 (1984). *See also* Restatement of Contracts (Second) § 159 (1981).

At trial, appellants and respondent disagreed on whether respondent represented that the road was a township road. In its findings, the trial court merely summarized the testimony as to this issue, stating that "[b]oth parties testified that there was considerable discussion between the parties

concerning this particular roadway with [appellants] testifying that [respondent] assured them that it was a township road and [respondent] testifying that he did not assure them that it was a township road and did not know for certain himself." The court did not resolve the question of whether respondent made any representations to appellants that the road was a township road.

On remand, the trial court must first determine whether respondent made statements to appellants that the road providing access to the property was a township road. If respondent made these claims, they are misrepresentations because there is no town road at that location.

Appellant also claims that the contract language itself ("easement * * * across an existing township road") constitutes a misrepresentation on the status of the road. The trial court's conclusion on this issue is unclear. The court said in its findings that, because the access route was not actually a town road, the parties must have intended to create private easement rights. This analysis would be responsive to a claim for specific performance of private easement rights, but it does not resolve the question of whether the seller used contract language that constituted a misrepresentation about town road status for the access route. A decision that the contract creates one right does not resolve the question of whether it creates others as well. The contract language is patently ambiguous, and resolution of the case requires a trial court finding, taking into account extrinsic evidence, on whether the contract assures the buyers they will enjoy access by a town road. *See Donnay v. Boulware*, 275 Minn. 37, 43, 144 N.W.2d 711, 715 (1966) (construction of ambiguous language is a determination of fact to be made after considering surrounding facts and circumstances).

■ If respondent misrepresented the road's status, the court must determine whether the misrepresentation was either fraudulent or material. A contract is voidable if a party's assent is induced by either a fraudulent or a material misrepresentation by the other party, and is an assertion

on which the recipient is justified in relying. Restatement of Contracts (Second) § 164(1) (1981).

A misrepresentation is fraudulent if it is intended to induce a contract and either is known to be false or made without knowledge of whether it is true or false. *Id.* at § 162(1). Here the trial court found that neither party "was adequately informed" at the time of the transaction about the status of the access road. It remains to be found, more specifically, whether respondent knew there was no town road, or deliberately represented as fact what he did not know to be true.

A misrepresentation is material if it would be likely to induce a reasonable person to manifest his or her assent or the maker knows that for some special reason it is likely to induce the particular recipient to manifest such assent. *Id.* at § 162(2); *see also Pasko v. Trela,* 153 Neb. 759, 763, 46 N.W.2d 139, 143 (1951). Nonfraudulent misrepresentations must be material to be actionable.

■ There is no legal effect from a misrepresentation, material or fraudulent, unless the recipient assents to the contract in reliance on the misrepresentation. Restatement of Contracts (Second) § 164 comment c (1981). Appellants claim they would not have entered into the contract to purchase the property but for the alleged assurance by respondent that the access road was a township road. According to appellants, the cost of maintaining the road would have dissuaded them from purchasing the property. This is a question of fact that must be determined by the trial court.

Where reliance on the misrepresentation is demonstrated, but is not justified, relief may be denied. Restatement of Contracts (Second) § 164 comment d (1981). *See also Mims v. Cooper,* 203 Ga. 421, 422, 46 S.E.2d 909, 910–11 (1948). Whether appellants were justified in relying on respondent's representations is also a question of fact for the trial court.

If the trial court determines there was a fraudulent or material misrepresentation by respondent, upon which appellants justifiably relied, and which induced appellants to assent to the contract, and if respondent fails on his affirmative defense (discussed below), then appellants are entitled to the relief they seek.

■ 2. A mistake is a belief that is not in accord with the facts. Restatement of Contracts (Second) § 151 (1981). "Mutual mistake" consists of a clear showing of a misunderstanding, reciprocal and common to both parties, with respect to the terms and subject matter of the contract, or some substantial part thereof. *C.H. Young Co. v. Springer,* 113 Minn. 382, 386, 129 N.W. 773, 774 (1911). *See also Dubbe v. Lano Equipment, Inc.,* 362 N.W.2d 353, 356 (Minn.Ct.App.1985).

As noted above, the trial court made a finding that both parties entered into the contract without being "adequately informed" whether the access route was a town road. The trial court did not determine whether both appellants and respondent assented to the contract under the mistaken belief that the road providing access to the property was a public road. The court must address appellants' claim of mutual mistake by first answering this question of fact. If the parties contracted under this mistaken belief, the court must then determine whether the mistake was material. *See Serr v. Biwabik Concrete Aggregate Co.,* 202 Minn. 165, 176, 278 N.W. 355, 361–62 (1938) (equity will relieve parties who have bound themselves by a written contract executed in justifiable ignorance of a fact so material to the subject matter that if it had been known the contract would not have been made). If appellants prove that the parties acted on a mutual mistake as to a material fact, and if respondent has no affirmative defense, appellants are entitled to relief.

3. Respondent claims appellants have waived any claim for breach of the contract. Respondent asserts appellants knew of the alleged misrepresentation and ratified the contract by accepting and retaining the benefits of the use of the property.

■ A party who may avoid a contract for fraud ratifies it by accepting and retaining the benefits of it. *Proulx v. Hirsch*

*Bros. Inc.*, 279 Minn. 157, 163, 155 N.W.2d 907, 912 (1968) (citations omitted). To establish a waiver or ratification of fraud, there must be evidence that the waiving party had full knowledge of the facts and his or her legal rights, and intended to relinquish these rights. *Freitag v. Wolf,* 303 Minn. 139, 142, 226 N.W.2d 868, 870 (1975) (citations omitted).

Whether appellants waived their rights is a question for the finder of fact.

## DECISION

■ The trial court erred in failing to address the claims of misrepresentation, mutual mistake, and waiver. We remand for further trial court proceedings leading to findings of fact and conclusions of law as required by this opinion.

Reversed and remanded.