*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1108**

Sandra Weise,
Appellant,

vs.

Alan M. Powell,
Respondent.

**Filed May 28, 2024**
**Affirmed**
**Slieter, Judge**
**Concurring in part, dissenting in part, Wheelock, Judge**

Hennepin County District Court
File No. 27-CV-20-2561

Ellen Ahrens Wickham, Cassandra B. Merrick, Madel PA, Minneapolis, Minnesota (for appellant)

Meghan A. Cooper, Stringer & Rohleder, Ltd., St. Paul, Minnesota (for respondent)

Considered and decided by Wheelock, Presiding Judge; Slieter, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

This is an appeal from a district court order (1) directing appellant to execute a settlement agreement as described by the terms of a memorandum of agreement (MOA) and as interpreted by the mediator through the MOA's dispute-resolution clause and (2) denying appellant's alternative request to rescind the MOA on the grounds of unilateral

mistake. Because the parties' MOA unambiguously establishes the procedure to resolve disputed settlement-agreement terms, the district court properly ordered appellant to comply with it. And, because appellant did not present evidence of misrepresentation to prove a unilateral mistake, we affirm.

## FACTS[1]

In February 2020, appellant Sandra Weise brought a civil complaint against respondent Alan M. Powell. The parties eventually resolved the lawsuit through mediation. In February 2022, the parties signed an MOA that included a confidentiality clause and dispute-resolution clause. The MOA contemplated that the parties would execute a settlement agreement that would recite the complete terms of their settlement. Powell's attorneys completed an initial draft of the settlement agreement. Upon her review, Weise disagreed with Powell's understanding of the confidentiality clause and proposed edits to the draft settlement agreement. Powell interpreted Weise's response as a refusal to sign the draft. Powell brought a motion in district court to enforce the MOA based upon his interpretation of it. Weise contacted the mediator for clarification of the confidentiality clause of the MOA. Powell submitted the mediator's clarification into the district court record. Weise filed a cross-motion to enforce the MOA. Specifically, Weise disputed Powell's interpretation of the MOA's confidentiality clause.

---

[1] This appeal comes from a dispute about a material term in a mediated agreement and, by order of this court, portions of the briefs and addenda are confidential and redacted from the public record. Because the redacted portions include the specific clauses and clarifications of the parties' agreement, we do not provide those in this opinion.

In July 2022, the district court issued an order determining that the MOA is an enforceable, though not fully integrated, mediated settlement agreement. The district court granted Powell's motion after considering the mediator's clarification pursuant to the MOA's dispute-resolution clause.

Following the district court's order, the parties' attorneys exchanged additional drafts detailing the terms of the settlement agreement. But the parties again reached an impasse. Weise filed another motion to enforce the MOA based upon her understanding of the confidentiality clause or, alternatively, to rescind the MOA on the grounds of unilateral mistake. Powell contacted the mediator for further clarification of the confidentiality clause. The second clarification by the mediator also became part of the district court record.

In May 2023, the district court issued a second order, this time requiring Weise to execute the settlement agreement as clarified by the mediator and again denying her motion to enforce the MOA according to her interpretation and absent such clarifications. The order also denied Weise's motion to rescind the MOA on the grounds of unilateral mistake.

Weise appeals.[2]

---

[2] Weise properly appealed the district court's orders pursuant to Minn. R. Civ. App. P. 103.03(e), which permits an appeal from an order that, "in effect, determines the action and prevents a judgment from which an appeal might be taken." *See also Speckel ex rel. Speckel v. Perkins*, 364 N.W.2d 890, 893 (Minn. App. 1985) (holding that a district court order compelling performance of a settlement agreement determines the result of the case and is therefore appealable pursuant to rule 103.03(e)).

**DECISION**

Weise argues that the district court erred in two ways: (1) by not enforcing the MOA's plain language and, alternatively, (2) by refusing to rescind the MOA based on unilateral mistake. We address each argument in turn.

**I.     The district court properly enforced the MOA and applied the mediator's clarifications pursuant to the MOA's dispute-resolution clause.**

Weise argues that the district court erred when it refused to enforce the plain language of the MOA and should not have considered the mediator's clarifications. Weise argues that the clarifications contradict the plain language of the MOA and therefore cannot control.

Contract law applies to mediated settlement agreements. Minn. Stat. § 572.35 (2022); *see Voicestream Minneapolis, Inc. v. RPC Props., Inc.*, 743 N.W.2d 267, 271 (Minn. 2008) ("An agreement entered into as compromise and settlement of a dispute is contractual in nature."). The intent of the parties is determined by reviewing the contract itself. *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). "Interpretation of ambiguous contracts is a question of law for the court, as is the determination that a contract is ambiguous." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 913 N.W.2d 687, 692 (Minn. 2018). An appellate court reviews these questions of law *de novo*. *Storms, Inc. v. Mathy Constr. Co.*, 883 N.W.2d 772, 776 (Minn. 2016). The language and terms of a contract are not ambiguous simply because the parties disagree on the interpretation. *Staffing Specifix, Inc.*, 913 N.W.2d at 692.

4

If an agreement is not a complete and final statement of the terms, and thus is not fully integrated, then parol evidence is admissible. *Bussard v. Coll. of St. Thomas, Inc.*, 200 N.W.2d 155, 161 (Minn. 1972). Weise argues that, because the district court first determined that the language of the MOA's confidentiality clause is unambiguous, the district court should not have admitted parol evidence (in this case, the mediator's clarifications). *See Metro. Sports Facilities Comm'n v. Gen. Mills, Inc.*, 470 N.W.2d 118, 123 (Minn. 1991) ("Where a written contract is unambiguous, the court must deduce the parties' intent from the language used."). The district court determined that the MOA is not fully integrated and, therefore, the mediator's clarifications could be admitted when interpreting the MOA.

We agree with the district court. The MOA is not a fully integrated agreement. The parties, through their attorneys, attempted to draft the detailed terms of the settlement agreement following the execution of the MOA. And the language of the MOA unambiguously includes a dispute-resolution clause to resolve disagreements of any terms. The parties followed that dispute-resolution clause, and the district court enforced the result.

We also discern no conflict between the language of the MOA and the result of the dispute-resolution process because, although the language provided in the clarifications is more expansive, the clarifications do not change the MOA. As noted, the parties never intended the MOA to be the final agreement. The parties contemplated a formal settlement agreement that would be the full and complete expression of their settlement.

5

In sum, we discern no error in the district court's order enforcing the MOA as clarified via the dispute-resolution process and directing Weise to execute the settlement agreement.

## II. The district court properly denied Weise's alternative request to rescind the MOA based on unilateral mistake.

Weise argues that the district court erred when it denied her request to rescind the MOA on the grounds of unilateral mistake. The district court denied Weise's request because the MOA, which incorporated the mediator's clarifications of the parties' agreement, was not ambiguous. And, because Weise agreed to its terms, the district court reasoned that there was no unilateral mistake. Weise argues that executing the MOA as directed by the district court would force her "to endure an oppressive burden" to which she never agreed. Weise requests that we reverse the district court's decision so the MOA may be rescinded because both parties can be returned to the same position that they were in had the contract never existed.

A party cannot simply claim ignorance of, or to have misunderstood a provision of, a contract and succeed in claiming unilateral mistake. *See Gethsemane Lutheran Church v. Zacho*, 104 N.W.2d 645, 649 (Minn. 1960). "A mistake is a belief that is not in accord with the facts." *Carpenter v. Vreeman*, 409 N.W.2d 258, 261 (Minn. App. 1987) (citing Restatement (Second) of Contracts § 151 (1981)). The mistake must concern "a material element of the contract." *Olson v. Shephard*, 206 N.W. 711, 712 (Minn. 1926). A unilateral mistake usually involves ambiguity, fraud, or misrepresentation. *See Speckel*, 364 N.W.2d at 893 ("A unilateral mistake in entering a contract is not a basis for recission

6

unless there is ambiguity, fraud, misrepresentation, or where the contract may be rescinded without prejudice to the other party."). If asserting misrepresentation, the party must prove that misrepresentation occurred and not simply assert a legal conclusion. *See Spiess v. Brandt*, 41 N.W.2d 561, 564-66 (Minn. 1950) (explaining misrepresentation at the formation of a contract); *Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 716 N.W.2d 366, 375 (Minn. App. 2006) (explaining reliance on a misrepresentation), *aff'd*, 736 N.W.2d 313 (Minn. 2007); *Carpenter*, 409 N.W.2d at 261 (explaining the elements of fraudulent and material misrepresentation). A unilateral mistake of one party, even if not induced or contributed to by the other party, may be grounds for recission of the contract. *Gethsemane Lutheran Church*, 104 N.W.2d at 649.

As we have already concluded, the district court properly determined that the parties agreed to resolve any disputed terms via the dispute-resolution clause. And the confidentiality clause, as clarified, is unambiguous and was agreed to by each of the parties. Therefore, Weise's claim of unilateral mistake is an attempt to be relieved of the burden of the contract and cannot support her request for recission based upon unilateral mistake.

Weise claims, however, that Powell made a misrepresentation when he expressed (in an affidavit filed in the district court proceedings) his disagreement with her understanding of the MOA's confidentiality clause. Weise does not explain how this disagreement is a misrepresentation that supports her claim of unilateral mistake. Therefore, because Powell's statements are consistent with the terms of the MOA, they cannot form the basis for misrepresentation and Weise has not shown any misrepresentation to support her claim of unilateral mistake.

7

Weise also argues that recission would not prejudice Powell and cites as support *Gethsemane Lutheran Church*. 104 N.W.2d at 649 (stating that recission based on unilateral mistake typically requires at least that (1) "enforcement would impose an oppressive burden on the one seeking rescission" and (2) "recission would impose no substantial hardship on the one seeking enforcement"). As we identified above, generally, to claim unilateral mistake, one must allege a mistake that is often caused by the other party. *See Speckel*, 364 N.W.2d at 893. Weise argued in district court and in this court that her claim was based upon Powell's misrepresentation. Weise did not (and does not) argue that she seeks recission based on unilateral mistake without misrepresentation. As such, we do not address such an argument. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (explaining that a reviewing court considers only those issues presented to and considered by the district court); *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (explaining that arguments not briefed are waived); *see also State v. Mrozinski*, 971 N.W.2d 233, 237 n.2 (Minn. 2022) (demonstrating that appellate courts do not review an argument in which a party supplied only the legal standard without analysis).

Therefore, we discern no error in the district court's decision to deny Weise's request for recission based on unilateral mistake.

**Affirmed.**

**WHEELOCK**, Judge (concurring in part, dissenting in part)

This appeal is about contract interpretation and raises the issue of whether the parties, appellant Sandra Weise and respondent Alan M. Powell, had a meeting of the minds when each party had a different understanding of a material term of a memorandum of agreement (MOA) that was not the final, fully integrated agreement between them. The majority suggests that the entire MOA is unambiguous because the dispute-resolution clause is unambiguous. I do not agree that the MOA's confidentiality clause was unambiguous on its face because the district court relied on parol evidence—the mediator's written clarifications—to interpret that clause. However, because I agree that the dispute-resolution clause unambiguously requires the parties to take disputes about the MOA when drafting the formal settlement agreement back to the mediator for final resolution, I agree with affirming on issue one. As to issue two, I would conclude that Weise argued a unilateral mistake *based on her mistake alone*, and I would remand for factual findings on her claim of unilateral mistake and for consideration of whether rescission is an appropriate remedy. Thus, I would reverse on issue two. I therefore concur with the majority in part and respectfully dissent in part.

## I.     The district court incorrectly determined that the confidentiality clause was unambiguous, but it did not err by applying the dispute-resolution clause.

I agree with the majority's conclusion as to issue one that the MOA was not a fully integrated agreement because the parties intended for a complete settlement agreement to follow, and thus parol evidence is admissible, *Bussard v. Coll. of St. Thomas, Inc.*,

200 N.W.2d 155, 161 (Minn. 1972), but I disagree that the confidentiality clause was unambiguous as written in the MOA.

"Interpretation of unambiguous contracts is a question of law for the court, as is the determination that a contract is ambiguous." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 913 N.W.2d 687, 692 (Minn. 2018). An appellate court reviews these questions of law de novo. *Storms, Inc. v. Mathy Constr. Co.*, 883 N.W.2d 772, 776 (Minn. 2016).

The contract language communicates the intent of the parties, and if the language is clear and unambiguous, the agreement can be enforced as the language of the contract expresses. *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 582 (Minn. 2010). "[W]hen a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." *Knudsen v. Transp. Leasing/Cont., Inc.*, 672 N.W.2d 221, 223 (Minn. App. 2003), *rev. denied* (Minn. Feb. 25, 2004). Here, the district court did not determine the meaning of the confidentiality clause based only on the four corners of the MOA. And its determination that the MOA is wholly unambiguous is inconsistent with its reliance on parol evidence.

If "the parties did not intend the agreement to be a complete integration, then parol evidence can be used to prove the existence of a separate consistent oral agreement." *Alpha Real Est. Co. of Rochester v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 312 (Minn. 2003). Parol evidence cannot contradict other terms within the written agreement. *Apple Valley Red-E-Mix, Inc. v. Mills-Winfield Eng'g Sales, Inc.*, 436 N.W.2d 121, 123 (Minn.

App. 1989), *rev. denied* (Minn. Apr. 26, 1989).  Based on this precedent, I would conclude that the district court properly considered parol evidence to interpret the MOA because it was not a fully integrated agreement, but parol evidence could be considered only to the extent that it did not contradict the MOA's terms.

But resorting to the parol-evidence rule may not have been necessary.  The MOA also contains a dispute-resolution clause that provides that the mediator will resolve disputes about the contents of the formal settlement agreement based on discussions during the mediation or the spirit of those discussions.  I agree with the majority that the unambiguous dispute-resolution clause applies to the disagreement between the parties over what the parties agreed to keep confidential and, further, that the district court did not err when it relied on the mediator's clarifications in its order, regardless of whether the clarifications were parol evidence or not.  But my concurrence ends here because I conclude that the resolution of issue one does not foreclose Weise's claim of unilateral mistake.

II.     **Weise asserted unilateral mistake based on her mistaken belief about the scope of the confidentiality clause, and I would remand for the district court to make findings of fact on this claim and determine whether rescission is appropriate.**

A contract may be rescinded based on unilateral mistake if "there is ambiguity, fraud, misrepresentation, or where the contract may be rescinded without prejudice to the other party."  *Speckel by Speckel v. Perkins*, 364 N.W.2d 890, 893 (Minn. App. 1985).  Thus, a claim of unilateral mistake can be advanced based on more than one theory.  I read Weise's motion to the district court and her brief in this appeal to assert *both* a theory of misrepresentation by Powell *and* a theory of her own mistaken belief about the scope of

the confidentiality clause. The majority rejects Weise's theory that Powell engaged in misrepresentation when he advanced an interpretation of the confidentiality clause that did not match Weise's interpretation, and the majority considers forfeited any theory of unilateral mistake without misrepresentation. I disagree with the majority's conclusion about the second theory. I would conclude that, in fact, Weise has consistently argued that she had a different understanding than Powell of the confidentiality clause and that Powell's interpretation of the clause is one that Weise asserts she never held. As a result, I conclude that the district court erred by not addressing this theory in its order.

Weise's primary argument has been that her reading of the clause means that confidentiality is limited to the literal terms of the settlement—i.e., the consideration, obligations, rights—and is to be narrowly construed. The language of the MOA's confidentiality clause can be read consistently with Weise's interpretation of the clause, and Weise submitted several exhibits to support her understanding of the clause. Her arguments on the basis of unilateral mistake made clear that she was relying on the principle that a unilateral mistake of one party, even if not induced or contributed to by the other party, may be grounds for rescission of the contract. *See Gethsemane Lutheran Church v. Zacho*, 104 N.W.2d 645, 649 (Minn. 1960).

Minnesota courts have recognized that rescission has long been an appropriate remedy when unilateral mistake is involved. *See id.* at 649 n.11 (citing an *American Law Reports* annotation that existed in 1960 identifying more than 135 cases relating to unilateral-mistake claims). Whether it is appropriate to grant rescission based on unilateral mistake is a fact-specific inquiry. *See id.* at 649 ("The circumstances which will move the

courts to grant such relief are various . . . .”). “Rescission is an equitable remedy that seeks to put the parties 'in the same position they would have been had the contract never existed.'” *Busch v. Model Corp.*, 708 N.W.2d 546, 551 (Minn. App. 2006) (quoting *Johnny's, Inc. v. Njaka*, 450 N.W.2d 166, 168 (Minn. App. 1990)). Rescission on the grounds of unilateral mistake may be granted if enforcing the contract would be an “oppressive burden” on the party requesting the remedy and recission “would impose no substantial hardship” on the other party. *Gethsemane Lutheran Church*, 104 N.W.2d at 649.

Most of the unilateral-mistake caselaw—controlling or persuasive—involves disputes that were commercial in nature rather than personal. *See, e.g.*, *SCI Minn. Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855 (Minn. 2011) (contracting to sell stock in a cemetery association); *Nichols v. Shelard Nat'l Bank*, 294 N.W.2d 730 (Minn. 1980) (contracting for a mortgage on a home); *In re Appointment of Tr.*, 905 N.W.2d 507 (Minn. App. 2017) (contracting to retain an attorney); *S. Minn. Mun. Power Agency v. City of St. Peter*, 433 N.W.2d 463 (Minn. App. 1988) (contracting to sell electricity to a city). In commercial cases, courts consider the interest in maintaining stability in commercial transactions generally, as the supreme court notes in *Gethsemane Lutheran Church*:

> Rescission of a contract for mistake, like reformation, is ordinarily founded upon either mutual mistake of the parties or a mistake by one induced or contributed to by the other. *It is clear, nevertheless, that the court, under its equitable power, does have the right to rescind a contract for a purely unilateral mistake of one contracting party not induced or contributed to by the other.* However, it is equally clear that in the interest of

> preserving some *reasonable stability in commercial transactions* the courts will not set aside contractual obligations, particularly where they are embodied in written contracts[.]

*Gethsemane Lutheran Church*, 104 N.W.2d at 649 (emphasis added) (footnotes omitted). The supreme court's guidance thus draws a distinction between commercial and noncommercial contracts while making clear that some cases involve a "purely unilateral mistake" that justifies relief in the form of rescission.[1] The present dispute involves a noncommercial contract and may well involve a unilateral mistake for which rescission—returning the parties to their original positions—is an appropriate remedy.

In *Speckel*, one of the few cases dealing with a noncommercial settlement agreement, the district court found that the defendant intended to offer only $15,000 to compensate the plaintiff for injuries alleged in a personal-injury claim, but the written offer stated that the sum would be $50,000. 364 N.W.2d at 892. This court determined that

---

[1] *Gethsemane Lutheran Church* involved the sale of certain real property from Zacho to an association affiliated with a church; the sale was subject to specific restrictions and covenants. *Id.* at 646-47. Ultimately, the church brought suit against Zacho's sons for specific performance of the contract and the sons asserted unilateral mistake based on misrepresentation. *Id.* at 647. The supreme court ruled in favor of the church and, in addressing rescission, concluded that enforcement of the sale would not impose an oppressive burden on the sons. *Id.* at 649-50. The supreme court specifically addressed the claim that Zacho's intentions in selling the land to the association would be frustrated if the land were sold to the church, stating that the "mere frustration of hopes does not constitute a legal injury which will entitle one to a remedy from a court." *Id.* at 650. Here, it may be that the enforcement of the MOA's confidentiality clause as interpreted by the district court would inflict more than a "mere frustration of hopes" on Weise; indeed, she argues that it would impose an oppressive burden on her and bind her to a broader scope of a material term—the confidentiality clause—than she believed she agreed to during the mediation. Therefore, the district court must make findings to determine whether these assertions are true.

other components of the offer were inconsistent with the award of $50,000, and thus, we reversed the district court's determination that the agreement could not be rescinded on the grounds of unilateral mistake. *Id.* at 893-94. Here, the district court may find that the other terms of the MOA are inconsistent with its interpretation of the confidentiality clause such that it is clear that Weise's understanding of the clause was a mistake. In *Bogatzki v. Hoffman*, a dispute that involved a settlement agreement arising out of a wrongful-death action, we determined that the district court erred when it granted summary judgment and dismissed the issue of mistake and rescission of the contract, stating that the district court needed to find facts about one party's intent and knowledge when entering the contract to properly determine whether a mistake—mutual or unilateral—occurred. 430 N.W.2d 841, 842, 846 (Minn. App. 1988), *rev. denied* (Minn. Dec. 21, 1988). Similarly, here, it is appropriate to remand for the district court to find facts about Weise's alleged mistake and the impact of rescission on the parties.

"It is not within the province of [appellate courts] to determine issues of fact on appeal." *Kucera v. Kucera*, 146 N.W.2d 181, 183 (Minn. 1966). And we cannot be the fact-finder. *Wright Elec., Inc. v. Ouellette*, 686 N.W.2d 313, 324 (Minn. App. 2004), *rev. denied* (Minn. Dec. 14, 2004). We are limited to correcting errors. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). Because the district court did not make findings related to (1) Weise's assertion of unilateral mistake based solely on her mistake as to the MOA's confidentiality clause, (2) whether enforcement of the MOA as interpreted by the district court could impose an oppressive burden on Weise, and (3) whether rescission would impose substantial hardship on Powell, we cannot review the district court's

decision to determine whether there is error. Because I would reverse and remand for findings of fact supporting a determination as to whether Weise is entitled to recission based on unilateral mistake, I dissent from the majority's decision on the second issue in this appeal.