Hoang MINH LY, d/b/a Lee's
Garden, Appellant,

v.

Kim NYSTROM, et al., Respondents.

No. C6–99–565.

Court of Appeals of Minnesota.

Nov. 23, 1999.

Review Granted Jan. 25, 2000.

Barbara R. Kueppers, Minneapolis; and Ksenia M. Rudensiuk, St. Paul, for appellant.

Stephen W. Hance, Hessian & McKasy, P.A., Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, AMUNDSON, Judge, and HARVEY A. HOLTAN, Judge*.

## OPINION

AMUNDSON, Judge.

Appellant challenges the district court's finding that respondent did not violate the Consumer Fraud Act, while the respondent challenges the court's finding of common law fraud. We affirm.

## FACTS

Hoang Ly purchased a restaurant from Kim Nystrom in June of 1996. Ly and his wife made the purchase based on Nystrom's representations about gross monthly revenues and profits. Ly does not read or write English, but Nystrom both reads and writes English. Nystrom prepared and presented the lease agreement and promissory note that Ly signed to purchase the restaurant. No interpreter was present and the documents were all in English. Ly relied on Nystrom's representations as to the content of the documents.

For approximately six months, the Lys operated the restaurant at a loss. Ly claims to have borrowed $30,000 from relatives and charged $45,467.25 in credit card debt attributable to the expenses of keeping the restaurant open. Ly could not make full payments to Nystrom for approximately three months. Nystrom insisted that Ly return the restaurant to her. After returning the restaurant to Nystrom, Ly brought suit.

At trial, the district court found that the restaurant's value at the time of sale was $65,000. The district court concluded that Nystrom falsely represented that the restaurant's profits were greater than the restaurant's actual profits and such representations were material and were made with the intention of inducing Ly to purchase the restaurant. The district court further concluded that Ly justifiably relied on Nystrom's false representations when buying the restaurant and that Ly was damaged by the representations. The district court also concluded that Nystrom fraudulently induced Ly to purchase the restaurant. The district court found for Ly and entered judgment ordering Nystrom to pay $25,000 plus costs and disbursements.

After trial, the district court heard a motion for attorney fees, based on a violation of Minn.Stat. § 8.31, subd. 3a, the Private Attorney General Statute, which allows for recovery of damages, including costs of investigation and reasonable attorney fees for private individuals injured by a violation of, inter alia, the Minnesota Consumer Fraud Act, Minn.Stat. §§ 325F.68 to 325F.70. The district court denied this motion on the grounds that one party made the fraudulent representation

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

to only one other party, the representation was not made to a large number of consumers, and the representation did not have the potential to deceive or ensnare any other consumer. Ly challenges the district court's decision that Nystrom did not violate the Minnesota Consumer Fraud Act. Conversely, Nystrom seeks review of the district court's finding of common law fraud.

## ISSUES

I.  Did the district court err by finding common law fraud?

II.  Did the district court err by failing to find a violation of the Consumer Fraud Act pursuant to Minn.Stat. §§ 325F.68–.70?

## ANALYSIS

Findings of fact shall not be set aside by the reviewing court unless clearly erroneous, and due regard shall be given to the opportunity of the district court to judge the credibility of witnesses. Minn. R. Civ. P. 52.01. Reviewing courts need not give deference to a district court's decision on purely legal issues. *Frost–Benco Elc. Ass'n, v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). In cases where the district court's conclusions of law include determinations of mixed questions of law and fact, this court reviews under an abuse of discretion standard. *Maxfield v. Maxfield,* 452 N.W.2d 219, 221 (Minn.1990).

### I.

Nystrom argues on appeal that the district court erroneously found that she defrauded Ly. Nystrom specifically argues that Ly did not justifiably rely on her representations. "The trial court [is] the trier of fact on the issue of fraud." *Witzig v. Philips,* 274 Minn. 406, 410, 144 N.W.2d 266, 269 (1966). While this court should examine the record to determine whether the district court erred in its application of the law, we must consider the testimony in the light most favorable to the prevailing party. *Id.* Whether Ly was justified in relying on Nystrom's representations is a question of fact for the district court. *Carpenter v. Vreeman,* 409 N.W.2d 258, 261 (Minn.App.1987). This court will reverse a district court's findings of fact only if, upon review of all the evidence, we are "left with the definite and firm conviction that a mistake has been made." *Gjovik v. Strope,* 401 N.W.2d 664, 667 (Minn.1987) (citations omitted).

The district court found that Ly justifiably relied on Nystrom's representations. Ly could not read or write English. He believed that Nystrom was selling him a profitable established business. He entered into legal contracts that he could not read, without the representation of counsel, and he paid approximately $25,000 more for the restaurant than it was worth. The record supports the district court's finding that Ly justifiably relied on Nystrom's representations. We defer to the district court's witness credibility determinations. We conclude the district court did not abuse its discretion; therefore we affirm the district court's finding of fraud.

### II.

Ly argues that the district court incorrectly determined that there was no violation of the Consumer Fraud Act and that he should be awarded attorney fees consistent with Minnesota's private attorney general statute. The Act states:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

Minn.Stat. § 325F.69, subd. 1 (1998). The pertinent definitions under the Act are as follows:

"Merchandise" means any objects, wares, goods, commodities, intangibles, real estate, loans, or services.

"Sale" means any sale, offer for sale, or attempt to sell any merchandise for any consideration.

Minn.Stat. § 325F.68, subds. 2, 4 (1998). The statute does not define consumer. "Words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08(1) (1998). The dictionary defines consumer as "one that acquires goods or services for direct use or ownership rather than for resale or use in production or manufacturing." *The American Heritage Dictionary* 1238 (3d ed.1996). Ly does not meet the definition of a consumer because he bought the restaurant with the intent to produce, manufacture, and resell food, rather than with the intent of direct ownership of the product.

Ly further argues that the district court improperly denied him a claim under the Act by finding that the fraudulent representation must be made to a large number of consumers and have the potential to deceive or ensnare other consumers. Ly argues that the Act does not require such findings. Ly also claims that the consumer fraud statute is to be applied more broadly than common law fraud.

> [C]onsumer protection statutes are remedial in nature and are to be liberally construed in favor of protecting consumers. Consumer protection laws were not intended to codify the common law; rather they were intended to broaden the cause of action to counteract the disproportionate bargaining power present in consumer transactions. To require a higher degree of proof would frustrate the legislative intent.

*State by Humphrey v. Alpine Air Products, Inc.*, 490 N.W.2d 888, 892 (Minn.App. 1992) (citations omitted), *aff'd* 500 N.W.2d 788 (Minn.1993). Even if the Act applies more broadly than common law fraud, it still only applies in consumer fraud situations and the fraud or misrepresentation must be disseminated to others. This was a one-on-one business transaction. If we were to adopt the appellant's interpretation of the statute, virtually every fraudulent transaction would come under the consumer fraud umbrella.

Finally, Ly asks for prejudgment interest in the amount of $1,265.40, but the district court did not rule on the issue of prejudgment interest. This court will generally not consider matters not argued and considered in the court below. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Thus, we will not address this request.

### DECISION

We conclude that the district court did not err by failing to find a Consumer Fraud Act violation because the fraud was not disseminated to others, and Ly was not a consumer for purposes of the Act.

**Affirmed.**