232 F.3d 977 (8th Cir. 2000)
 Marvin Lumber and Cedar Company; Marvin Windows of Tennessee, Inc., Plaintiffs - Appellants,
v.
PPG Industries, Inc., Defendant Third Party, Plaintiff-Appellee,
v.
Elf Atochem North America, Inc., Third Party Defendant.
Minnesota, Amicus on Behalf of Appellant.
 No. 99-1424
 United States Court of Appeals FOR THE EIGHTH CIRCUIT
 Filed: November 7, 2000
 
 Appeal from the United States District Court for the District of Minnesota.
 Before WOLLMAN, Chief Judge, LAY and BOWMAN, Circuit Judges.
 
 Prior report: 223 F.3d 873
 O R D E R
 
 1
 The petition for rehearing by the panel is denied. Judge Lay dissents.
 
 
 2
 LAY, Circuit Judge, dissenting.
 
 
 3
 The persuasive petition for rehearing filed by Marvin Lumber requires this court to grant a rehearing. It is mystifying to me that the majority opinion adheres to the opinion in Regents of the University of Minnesota v. Chief Industries, 106 F.3d 1409 (8th Cir. 1997), rather than following state law as set forth by the Minnesota Court of Appeals in Jennie-O Foods, Inc. v. Safe-Glo Products, 582 N.W.2d 572 (Minn. Ct. App. 1998), which rejects the reasoning set forth by the majority in Chief Industries. The law of Minnesota under Jennie-O is that a merchant in goods of the kind is not determined by its specialized knowledge. However, to urge further on this point would simply repeat the view set forth in my earlier dissent.
 
 
 4
 The primary purpose of adding this dissent to the denial of the petition for rehearing relates to a different question. The majority opinion filed on August 22, 2000, denies Marvin Lumber standing to bring its claim under the Minnesota consumer protection statutes, Minn. Stat. §§ 325D.13, 325F.67 and 325F.69. To support this result, the majority relies upon Ly v. Nystrom, 602 N.W.2d 644, 647 (Minn. Ct. App. 1999), which holds that the consumer protection statutes do not protect "a sophisticated" merchant. The majority in the Marvin Lumber opinion overlooks that on August 3, 2000, the Minnesota Supreme Court overruled and reversed the court of appeals' decision in Ly v. Nystrom. See 615 N.W.2d 302 (Minn. 2000). The majority now reaffirms its original opinion without regard to the fact that Nystrom has been overruled by the highest court of the State of Minnesota. The basis upon which the court overruled Nystrom is significant and directly on point with the Marvin Lumber case. The Minnesota Supreme Court stated as follows:
 
 
 5
 Our recent decisions bear out this broad and flexible application of the [Consumer Fraud Act]. In Church of Nativity of Our Lord v. WatPro Inc., the respondent alleged that the appellant, a large chemical corporation, violated the CFA when it produced and installed defective roofing materials on Church of Nativity's school and convent. 491 N.W.2d 1, 3-4 (Minn. 1992). We rejected the appellant's argument that because the church was a "sophisticated merchant," remedies under the Uniform Commercial Code were exclusive. See id. at 8. We held that a church run by lay committees was not ordinarily involved in commercial activity and that it took something more than hiring an architectural consultant, as Church of Nativity did in this case, to bring a noncommercial entity within the meaning of the Uniform Commercial Code's definition of "merchant." See id. at 7-8. We observed that the CFA is not expressly limited to individual consumers and has not been interpreted that way by the courts, thus it "applies to transactions involving all consumers and, in this case, was violated by the making of false promises." Id. at 8. We concluded the transaction was "an ordinary consumer transaction within the scope [of the Act]." Id.
 
 
 6
 Nystrom, 615 N.W.2d at 308-09 (emphasis added).
 
 
 7
 The majority also overlooks the Minnesota Supreme Court's opinion in Church of the Nativity v. WatPro, 491 N.W.2d 1 (Minn. 1992), which holds that simply because an entity might be considered a sophisticated merchant, remedies under the Uniform Commercial Code are not exclusive. Thus, in reversing Nystrom, the Minnesota Supreme Court specifically held that even merchants may pursue causes of action under the Minnesota Consumer Fraud Act. See 615 N.W. 2d at 310 ("[T]he legislative history clearly indicates that the CFA was intended to protect a broad, though not limitless, range of individuals from fraudulent and deceptive trade practices, and our decisions have also recognized the breadth of its coverage.") (citation omitted). Nystrom makes clear that as far as the Minnesota Consumer Fraud Act is concerned, Marvin Lumber may be characterized as a merchant in selling wooden windows and doors, but it certainly was a consumer when it purchased PILT from PPG Industries, Inc.
 
 
 8
 Furthermore, it should be clear that the majority's holding, which allows Marvin Lumber to go forward on its breach of express warranty claim, violates the Minnesota Consumer Fraud Act, as well as the Unlawful Trade Practices Act, and the Minnesota False Statement in Advertising Statute.